PHILIP KUSTERER v. MARY A. WISE.

*Possession of lands—Summary proceedings to recover—Sufficiency of complaint and findings.*

1. A complaint alleging that complainant is the owner and landlord of the premises therein described; that defendant was a sub-tenant under complainant and is in possession of said premises, which she holds unlawfully and against the right of complainant, and forcibly detains the possession thereof, is sufficient under sec. 8286, How. Stat.

2. The judgment in favor of complainant was fully supported by the findings of the circuit judge, as set forth in the opinion herein.

Error to Kent. (Montgomery, J.) Argued Jan. 12, 1886. Decided Jan. 27, 1886.

Summary proceedings to recover possession of lands. Defendant brings error. Affirmed.

*J. W. & O. C. Ransom,* for complainant :

Defendant was not entitled to notice to quit. How. Stat. § 8295, gives the right to maintain this action against one who holds possession of lands wrongfully, after the time they were demised or let to him, or to the person under whom he holds, and in *Benfey v. Congdon,* 40 Mich. 283, such a tenant was held not entitled to notice : *Evans v. Reel,* 5 Gray, 308.

*Godwin & Earle,* for appellant :

The complaint was fatally defective in alleging a tenancy and a forcible or tortuous holding. One averment negatives the other. Complainant was allowed to recover on the theory that defendant was a sub-tenant of Potter, whose lease had expired, under the first clause of How. Stat. § 8295. Potter rented by the month with right to *sublet,* which he did to defendant, by the *week,* and neither had notice to quit, but at end of second month Potter surrendered lease to complainant. Defendant's tenancy could not be terminated in this way. The right of Potter to sublet, created an agency sufficient to entitle defendant to such notice from Potter's principal.

SHERWOOD, J. This case was a summary proceeding to recover possession of a house and two lots in the city of Grand Rapids. It was taken before a circuit court commissioner under How. Stat. c. 286. The following is the complaint made in the case :

" The complaint of Philip Kusterer, of said county of Kent, respectfully shows that Mary A. Wise is in possession of the following described lots and tenements situated in the city of Grand Rapids, in said county of Kent, and State of Michigan, to-wit : lots (3) and (4), in block (1), of Wenham's addition to the city of Grand Rapids, Kent county, Michigan, and the house and buildings situated thereon ; that said Philip Kusterer is owner and landlord of said premises, and said Mary A. Wise was a subtenant under him ; and that said

Mary A. Wise holds said premises unlawfully and against the right of this complainant, and forcibly detains the possession of said premises unlawfully ; and that this complainant is entitled to the possession of the same ; wherefore this complainant prays that proceedings, according to the statute in such case made and provided, may be taken against Mary A. Wise, and that the possession of said premises may be restored to this complainant."

Upon the return of the summons the defendant appeared by her attorneys, and moved to quash the proceedings upon the following grounds :

(1). For that said complaint is contradictory as first alleging a subtenancy, and next a forcible detainer.

(2). For that said complaint is not according to the statute, but an attempt to complain, alleging that the defendant is a tenant, and also a tortuous holder, and one complaint negatives the other.

(3). That said complaint does not allege that the defendant is a tenant of complainant.

(4). That said complaint does not allege that said Philip Kusterer was ever in possession of said premises.

(5). That said complaint is in other respects insufficient ; wherefore, the said defendant prays' judgment that said complaint be quashed, and the suit dismissed, with costs."

The commissioner overruled the motion, and defendant then filed a plea of not guilty to the complaint. A trial was subsequently had, and on the fourteenth day of November a judgment for restitution of the premises, and for costs, was rendered against the defendant, who appealed to the circuit, where the cause was retried before Judge Montgomery, without a jury, and, it appearing upon the trial that the defendant had surrendered possession of the premises to the plaintiff, a judgment was rendered that the defendant wrongfully withheld the possession of the premises at the time the suit was commenced, and that complainant recover his costs.

The defendant brings the case into this Court by writ of error.

The record contains none of the evidence given upon the trial.

The findings by the circuit judge appear in full, and no

exception seems to have been taken to those upon the facts, except in a single instance, where the finding was introduced by way of amendment, and we see no ground for that exception.

The motion made to quash, both before the commissioner and in the circuit, was properly overruled.

The following were the findings in the case:

"On the thirteenth day of June, 1883, complainant was in possession, claiming to own the property described in the complaint. The property consisted of a dwelling-house of nine rooms, situated partly upon each of the two lots described. On said June 13th, Kusterer rented the house to Joseph C. Potter by the month, at the price of $15 per month, payable monthly in advance. In leasing to Potter he was to have the right to sublet, it being understood that he did not want the whole house, but would rent rooms. Potter took possession of the house June 13th, and paid a month's rent. Shortly thereafter the defendant, Mary A. Wise, came and rented of Potter three rooms of the house and set up housekeeping in the rooms, and was to pay $1.50 a week, in advance, which she paid to Potter for four or five successive weeks.

The real reason why the defendant rented the rooms, was that she claimed she had a homestead right, as the wife of H. L. Wise, and that she had been defeated thereout by her husband and others, and she wanted to get possession of the premises in order to enforce what she claimed her rights were; although Potter was not notified or knew that she claimed any homestead rights at the time he rented, and some time after she got into the rooms she notified Potter of her claim, and tried to persuade him not to pay rent to Kusterer, saying she owned the house.

Potter paid his second month's rent to Kusterer, and at the end of the month, by agreement with Kusterer, gave up his lease and moved out of the house and gave up the keys to Kusterer. Potter told the defendant he was going out, and that he wanted her to go some days before he left. She remained in the rooms, and as soon as Potter moved out she took possession of the whole house. She entered the house by means of a key she got from Potter, to the front door, and opened a door leading to the rooms occupied by Potter by removing a wire fastening to the door that Potter put on when he left. When Potter left, defendant was residing in

the rooms, and had his front door key as a means of access to her rooms.

The defendant was, immediately after she took possession of the whole house, to-wit, August 15, 1883, ordered to leave the premises by an agent of Kusterer sent for that purpose, but she refused to leave, and no other notice to quit was served on defendant before the suit was brought. Before the suit was brought to trial defendant surrendered up possession of the premises, and at the time of trial she was not in possession. And I further find as a matter of fact from the evidence that the defendant had, to-wit, on the twenty-first day of July, 1880, disposed of all her rights in the premises in question, and directed her tenant then in possession to pay all rents thereafter to Philip Kusterer, the complainant in this suit. And the court finds as a matter of law, from these facts, that the complainant is entitled to judgment against the defendant for costs; and that the defendant wrongfully withheld the possession of said premises from complainant, at the date of the institution of these proceedings."

We think the judgment entered in this case is fully supported by the findings, and it must be affirmed with costs.

The other Justices concurred.