### FREEBORN v. LA LONDE.

Summary Proceedings—Action by Lessee.

A lessee of land to whom the owner refuses possession under the lease cannot maintain summary proceedings under 2 How. Stat. § 8295, to recover such possession,—at least not until the estate of the owner, as a tenant at sufferance, has been determined by notice to quit.

Case made from Chippewa; Steere, J. Submitted October 20, 1898. Decided December 6, 1898.

Summary proceedings by William J. Freeborn against Charlotte La Londe and John F. Moloney to recover the possession of lands. The circuit judge directed a verdict for defendants, and complainant assigns error. Affirmed.

*John W. Shine* (*L. C. Holden*, of counsel), for appellant.

*M. F. McDonald*, for appellees.

MONTGOMERY, J. This is a summary proceeding to recover possession of a store building. The proceeding was commenced before a circuit court commissioner, and on appeal to the circuit court a verdict was directed for the defendants, and complainant assigns error.

The defendant Charlotte La Londe is the owner of the premises in question. The evidence adduced on the part of the complainant tended to show that on the 18th of January, 1898, Mrs. La Londe, through her son acting as her agent, made a lease of the premises in question to complainant for one year, commencing February 1, 1898; that, before he acquired possession, Mrs. La Londe leased the premises in question to the defendant Moloney, who moved in and took possession on the 22d of January. On the 1st of February, complainant demanded possession, and, upon defendants' refusal, instituted this proceeding.

At the close of the testimony, the circuit judge charged the jury that the statute does not contemplate putting the tenant into possession of lands which he has leased, and which the landlord refuses to give to him, and that the lessee of lands who has not been in possession of them cannot institute proceedings under the statute to compel the landlord to give him possession, and directed a verdict for the defendants. It is contended that this was error; that the lessee, although not let into possession, has such an interest in the premises as will entitle him to recover possession; and, second, that such possession can be recovered in a summary proceeding under the statute. We

find it unnecessary to determine the first of these proposi-
tions. The statute (2 How. Stat. § 8295) limits the
remedy by summary proceedings. Unless the facts of
this case bring it within the provisions of that statute, the
remedy of the complainant must be either by an action
for damages or ejectment.

But two of the subdivisions of the statute can by any
stretch be said to have any application. They are the
first and fourth, which read as follows:

"When any person shall hold over any lands or tene-
ments after the time *for which they are demised or
let* to him, or to the person under whom he holds, or con-
trary to the conditions or covenants of any executory con-
tract for the purchase of lands or tenements, or any lease
or agreement under which he holds, or where rent shall
have become due on any such lease or agreement, and
demand of the rent or possession of the premises is waived
therein in writing, and not included in the printed form
of the lease or agreement."
"When any tenant at will or by sufferance shall hold
over after the determination of his estate by a notice to
quit, as provided by law."

This case does not fall within the first subdivision. The
defendant La Londe is not holding over after the time for
which the *premises were demised or let to her*, or con-
trary to the conditions or covenants of a contract for the
purchase of lands or tenements, or of any lease under
which she holds. It may be contended that, by her fail-
ure to deliver possession at the time stated, she, through
her tenant, Moloney, is holding the premises contrary to
her agreement to let or lease. But it is not a lease under
which *she holds*. She holds and has held possession as
the owner of the title. She was not vested with possession
under this lease, and cannot be said to hold under this
lease, or to have ever held thereunder. This distinguishes
this case from *Gale* v. *Eckhart,* 107 Mich. 465, in which
case the grantor reserved the right of possession until
April 1, 1894, and became a tenant of the purchaser.

Counsel contend that the defendants became tenants

at sufferance when possession was withheld. If this be granted, it does not aid complainant. If the defendants are tenants at sufferance, they are not holding over "after a determination of their estate by a notice to quit." It is contended that a person holding over at sufferance is not entitled to a notice to quit unless he is permitted to retain possession by the owner or one entitled to possession. The cases of *Allen* v. *Carpenter*, 15 Mich. 25, and *Benfey* v. *Congdon*, 40 Mich. 283, are cited to support this contention. This is unquestionably the doctrine of the cases cited, but in these cases the complainant was in each case entitled to invoke the statute by virtue of other provisions. Neither case is authority for the position that a summary proceeding may be instituted against a tenant at sufferance unless he holds over after notice to quit, unless, under other provisions of the statute, jurisdiction is conferred. The statute cannot be extended by construction. 9 Enc. Pl. & Prac. 45.

The circuit judge was right in directing a verdict for the defendants.

Judgment affirmed.

The other Justices concurred.