### CHYLOWSKI *v.* STEINBERG.

1. FORCIBLE ENTRY AND DETAINER—LANDLORD AND TENANT—SUMMARY PROCEEDINGS—CIRCUIT COURT COMMISSIONER—FORCE—ACTIONS, CONDITION FOR.

   A complaint before a circuit court commissioner, which does not state that the defendant entered into the premises with force or that he unlawfully holds them by force, as required by 3 Comp. Laws 1915, § 13231, is not a complaint for forcible entry or detainer, and does not cover the case of a landlord who retains possession of his premises against the right and demand of his tenant.

2. SAME—FORCE—POSSESSORY ACTION.

   There must be evidence, to support the proceeding, that the entry or detainer was riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out; in other words, the force is not against or upon the property, but force used or threatened against persons as a means, or for the purpose of, evicting or keeping out the possessor.

3. SAME — CIRCUIT COURT COMMISSIONER — JURISDICTION — EJECT-
    MENT.·

    Summary proceedings, under the provisions of 3 Comp.
    Laws 1915, § 11164 *et seq.*, cannot be brought for the
    possession of premises by a lessee against the landlord,
    who refuses to give or restore possession. Plaintiff's rem-
    edy is damages or ejectment.

Error to Wayne; Mandell, J. Submitted July 21,
1916. (Docket No. 149.) Decided December 21, 1916.

Summary proceedings by Alexander Chylowski
against Louis Steinberg for the possession of leased
premises before a circuit court commissioner of Wayne
county. Defendant removed the cause by appeal to the
circuit court. Judgment for plaintiff. Defendant
brings error. Reversed, and no new trial ordered.

*Louis James Rosenberg* (*Cornelius & Ring*, of coun-
sel), for appellant.

*William H. Turner,* for appellee.

STONE, C. J. This proceeding was instituted by the
plaintiff to obtain possession of one room contained in
a building known as 1008 Michigan avenue, Detroit.
The defendant was the owner of a two-story building
located on said avenue. It consisted of two stores on
the ground floor, and two separate living apartments
on the second floor. On May 1, 1912, plaintiff, under
a verbal arrangement with defendant, moved into and
took possession of one of the stores, being No. 1008,
and the living apartment above. He was to use the
store for business purposes, and as at the time of
renting the premises he had no personal use for the
living apartment, he rented it to a tenant by the name
of Walters. During the month of May the defendant
was altering and repairing the upper story of the
building. The living apartment, up to that time, was

divided into three large rooms. It was changed by defendant into seven smaller ones. Plaintiff's tenant, Walters, moved in on May 1, 1912, during the time the alterations were being made. Not having sufficient room to house his family during the time the repairs and alterations were being made, Walters asked the defendant for the privilege of using the small room that is the disputed subject of this suit. Defendant permitted him to use the room during the time the repairs were being made. The repairs were completed on May 26, 1912, and Walters surrendered the possession of this room to the defendant.

The plaintiff desiring a written lease, the parties entered into an agreement whereby plaintiff leased from defendant the premises known as 1008 Michigan avenue for a period of five years from June 1, 1912. Plaintiff has never had possession of the disputed room, by tenant or otherwise, since June 1, 1912, and it is the claim of defendant that plaintiff has never had possession of the room under the written lease of that date. It appears that the sole occupancy of this room by plaintiff was by his said tenant during the month of May, while the repairs and alterations were being made. Matters ran along until December 13, 1913, when plaintiff demanded possession of the room. This demand not being complied with, this suit was instituted by the plaintiff on January 22, 1914, upon the following complaint:

"STATE OF MICHIGAN,
    COUNTY OF WAYNE,     ss..
"To SAMUEL L. MAY,
    "Circuit Court Commissioner of Wayne County,
        "Michigan:
    "The complaint of Alexander V. Chylowski, of said county of Wayne, respectfully shows that Louis Steinberg is in possession of the following described lands and tenements situated in the city of Detroit, said county and State, to wit: 'Rooms at No. 1008 Michi-

gan avenue.' That complainant is the lessee of said premises, and that Leonard L. Szmanski is his agent, and makes this complaint for and in his behalf. That defendant both holds said premises unlawfully and against the rights of said complainant, and that said complainant is entitled to possession of same. Wherefore this complainant prays that proceedings according to the statute in such case made and provided, may be taken against said defendant and that the possession of said premises may be restored to said complainant.                    LEONARD L. SZMANSKI."

This complaint was duly sworn to and filed with the circuit court commissioner, and a summons was duly issued and served. Defendant duly appeared and pleaded not guilty. Upon the trial before the commissioner a judgment of restitution was duly entered, and defendant appealed to the circuit court where a jury trial was had.

At the trial in the circuit court, at the close of plaintiff's case, and also at the close of all of the testimony, the defendant moved for a directed verdict in his behalf upon the grounds that plaintiff had mistaken his remedy, that in place of summary proceedings, he should have proceeded in an action for damages, or in ejectment; also that it appeared from plaintiff's own testimony that defendant had always contended that this part of the premises was not covered by the lease, and that plaintiff had never obtained possession thereunder. The motion was denied and exception duly taken, and the case was submitted to the jury.

The trial resulted in a verdict and judgment for the plaintiff, and the defendant has brought the case here upon writ of error. Among the assignments of error are the following:

(1) "The court erred in refusing to direct a verdict of 'no cause for action,' upon the motion in that behalf

made, for the reason that said plaintiff never had possession under the lease, and had therefore chosen the wrong remedy to obtain possession thereof."

(4) "The court erred in making the following statement to the jury in his charge: 'Now the plaintiff claims that he was in possession before this lease was made; he claims that after the lease was made, his possession was the same. Now, as he went lawfully into possession on the 1st of May of the premises known as 1008 Michigan avenue, he could not be deprived of such possession except in a lawful manner, and his complaint is that he was deprived by the defendant taking possession, either surreptitiously or by force, of this particular room.'"

The above is a correct excerpt from the charge, and the trial court also instructed the jury that the proceedings were brought under the first ten sections of chapter 308, 3 Comp. Laws, §§ 11153-11162 (3 Comp. Laws 1915, §§ 13229-13238), and that the claim of defendant that the proceedings were under section 11164 *et seq.* was not true.

The record is in a very unsatisfactory condition. The written lease of June 1, 1912, although offered in evidence, does not appear in the record. It does appear, however, that it was made and took effect June 1, 1912, and had no relation to May 1st. It seems to us that the case was tried under a misconception, which amounted to a mistrial.

Neither the complaint nor the evidence warranted the court in holding that the case was brought under the first ten sections of chapter 308 of the Compiled Laws. Under those sections the complaint must state, among other things, that defendant "entered into the same with force, *or* that he unlawfully holds the same by force." Section 11155. See notes to these sections in 5 How. Stat. (2d Ed.) chap. 366. For proper form of complaint under that part of said chapter, see *Bush* v. *Dunham*, 4 Mich. 345; *Carpenter* v. *Harris*, 51 Mich.

223 (16 N. W. 383) ; *Kusterer* v. *Wise,* 59 Mich. 382 (26 N. W. 645).

The first ten sections of this chapter provide for the recovery of possession of land which has been entered or detained by force. *Shaw* v. *Hoffman,* 25 Mich. 162-169; *Marsh* v. *Bristol,* 65 Mich. 378-386 (32 N. W. 645) ; *Davis* v. *Ingersoll,* 2 Doug. 372.

In *Shaw* v. *Hoffman, supra,* Chief Justice CHRISTIANCY said:

"But the entry or the detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out—in other words, the force contemplated by the statute is not merely the force used against, or upon, the property, but force used or threatened against persons, as a means, or for the purpose, of expelling or keeping out the prior possessor."

As we have already said, there was no evidence of any force or intimidation whatever; hence the action cannot be based on the first ten sections of the chapter referred to.

The undisputed evidence in the case, upon this record, shows that plaintiff was never in possession of the disputed room under the lease of June 1, 1912.

If it were argued that the suit was brought under sections 11164 to 11166, 3 Comp. Laws (3 Comp Laws 1915, §§ 13240-13242), and that the holding of the court otherwise was harmless error, our reply is that under the authority of *Freeborn* v. *La Londe,* 118 Mich. 662 (77 N. W. 269), summary proceedings under said last-named sections cannot be brought by a lessee against the landlord who refuses possession.

The statute is not applicable in such a case, and the remedy of the plaintiff must be either by an action for damages or ejectment. 24 Cyc. p. 1051.

We are of opinion that the plaintiff has mistaken his remedy, that the court should have granted said motion for a verdict for defendant, and that the judgment below should be reversed, with costs to defendant, and that no new trial should be granted.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.