## HENRY LANGLEY v. EMILY ROSS.

*Lease—Conditions and covenants—Right of re-entry.*

55 163
55 476
56 609
55 163
83 31
55 163
93 221

1. A condition in an instrument of transfer is a qualification annexed to the estate whereby it may be enlarged, defeated or created on the occurrence of an uncertain event; and it differs from a covenant in binding both parties, while a covenant is the promise of only one.

2. The re-entry clause in a lease provides for its termination if the tenant holds over contrary to the *conditions or covenants* thereof. *Held,* that this refers to such conditions and covenants as are in the nature of limitations, and not to the lessee's mere agreement to do certain things.

3. The erasure of a re-entry clause in a lease divests the landlord of the statutory remedy for recovering possession on the tenant's default in paying rent, because no terms of limitation are left in the lease, and the covenants are no longer linked with a condition.

Error to Wayne. (Jennison, J.) Oct. 10.—Oct. 22.

Proceedings to recover possession of lands. Plaintiff brings error. Affirmed. .

*Walker & Walker* and *C. A. Kent* for appellant.

*Henry C. Wisner* for appellee.

CHAMPLIN, J. This action was begun before a circuit court commissioner, under How. Stat. § 8295 to obtain possession of certain premises in the city of Detroit, held by the defendant under a written lease from plaintiff, as follows:

"It is hereby agreed between Henry Langley, of the first part, and James Ross, for and in behalf of Emily Ross, all of Detroit, Mich., of the second part, as follows:

The said Henry Langley, in consideration of the rents and covenants herein specified, do hereby let and lease to the said James Ross for and in the benefit of Emily Ross, during her natural life, all that certain piece or parcel of land known and described as follows: One-half of lot No. 13, south side Crane & Wesson's section of the Antoine Beaubien farm, so called, except the piece on the east end of said

lot already deeded to Mary A. Jones, with the buildings. thereon, to be left as it now stands until it is either burnt or taken down, then to be rebuilt; this part of lot being the south side half.

[Provided, that in case any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said ——————————, or his certain attorney, to re-enter into and repossess the said premises, and the part of the second part, and each and every other occupant, to remove and put out.]

*Erased in Original Lease.*

And the said parties doth hereby hire the said premises for the term of her natural life, as above mentioned, and do covenant and promise to pay to the said Henry Langley the annual rent of one dollar, the first installment to be paid on the first day of January each year, and to pay taxes, ordinary and extraordinary, and to keep said half of building insured for the purpose of rebuilding for the term of her natural life; at that time this lease ceases, and possession reverts to the party of the first part, his heirs or assigns. And also that they will, at their own expense, during the continuance of this lease, keep the said premises, and every part thereof in good repair, and will not release or assign this lease without the written consent of the party of the first part, and at the expiration of the term yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damages by the elements excepted. And the said parties of the second part doth hereby covenant and agree that all goods, wares and merchandise, household furniture, fixtures. and other property, which are or shall be placed in or on said premises by —————— shall be liable, and this lease shall hereby constitute a lien or mortgage on said property, to secure the rent due or to grow due on this lease, and they hereby authorize and empower the said party of the first part,. in case any default is made in the payment of the rent above specified, or any of the covenants herein contained are broken,. that the said party of the first part may enter upon said premises, or take any of said mortgaged property wherever the same may be found, and sell and dispose of the same in the same manner as in cases of chattel mortgages on default thereof, giving six days' notice of the time and place of such sale, for the best price he can obtain for the same, and return sufficient money to pay any rent due hereon, or to grow due hereon, together with the costs of such sale, and said party of the second part hereby waives all benefit of any exemp-

tion law of the State in reference to the sale of said personal property for rent. And said party of the first part doth covenant that the said party of the second part, on paying the aforesaid installments, and performing all the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises aforesaid.

Witness our hands and seals this first day of January, A. D. 1872.

HENRY LANGLEY. [L. S.]
JAMES ROSS,
JAS. F. MORSE. (For E. Ross.) [L. S.]

$25.00. January 2, 1873.
Received twenty-five dollars for the rent of twenty-five years, if party lives to that time. HENRY LANGLEY."

No rent was due at the time the proceedings were instituted by plaintiff to obtain restitution of the premises. It is not denied, however, that the respondent failed and neglected to pay the insurance and taxes. The plaintiff claims that the provisions of the lease requiring the tenant to pay the insurance and taxes constituted a condition which, if broken, operated as a forfeiture of the tenant's rights, and entitled him to restitution under the provisions of the statute which provides that the landlord may institute summary proceedings to obtain possession in the following cases, namely, when any person shall hold over any lands or tenements contrary to the conditions or covenants of any lease or agreement under which he holds; or when any rent shall have become due on any such lease or agreement, and the tenant shall have neglected or refused, for seven days after a written demand for possession, to pay the rent or surrender possession of the premises.

A condition is a qualification annexed to an estate by the grantor, whereby it may be enlarged, defeated or created upon an uncertain event; and it differs from a covenant in this: that a condition is in the words of and binding upon both parties, while a covenant is in the words of the covenantor only. Wood's Landl. & Ten. § 279. Whether the particular words used amount to a condition or a covenant merely, is a matter of construction, depending upon the true

meaning of the contract.   And in construing the instrument in question, the fact that the clause containing the proviso respecting the payment of rent and default in performing any of the covenants, and giving a right of re-entry, are stricken out, is quite significant.   What would have been conditions had the proviso not been erased, are left to stand as mere covenants, relieved of any condition whatever.   Such are its plain terms, and no other construction can be given to it without doing violence to the expressed intention of the parties,   It follows that the lessee does not hold over contrary to the conditions or covenants of the lease.   *Hays v. Bickerstaffe* 2 Mod. 35; *Tallman v. Coffin* 4 N. Y. 134.

It is only in cases where there are conditions or covenants which are in the nature of limitations, by which, upon the happening of the contingency, the estate becomes ipso facto terminated, that the tenant can be said to *"hold over* contrary to the conditions or covenants of his lease," within the meaning of the statute, and it has no application to mere covenants made by the lessee to do or perform certain things.

The statute has given a remedy to obtain possession for non-payment of rent, independent of any conditions in the lease.   But this case does not come within that provision. The covenant to pay taxes and insurance is not a covenant to pay rent, any more than a covenant to pay rent is a covenant to pay taxes and insurance.   The language of the lease will not justify the construction that the taxes and insurance were intended to be paid as rent.   The plaintiff made no case entitling him to a verdict, and therefore it is unimportant to consider the errors assigned upon the rulings and charge of the court.

The judgment is affirmed with costs.

The other Justices concurred.