## SUSANNAH PICKARD v. CHARLES KLEIS.

*Tenant holding over without right.*

1. Proceedings before a circuit court commissioner to recover premises as from a tenant holding over, will not lie where complainant himself does not show that he is at the time entitled to possession.

2. Where a lease does not provide for re-entry or breach of condition and there is no agreement that a failure to perform shall operate as a forfeiture or termination of the lease, the tenant cannot for such cause be said to " hold over " contrary to the terms of the lease.

3. Assent to the continued occupancy of farming lands upon the same terms as before may fairly be presumed if at the beginning of the planting season the owner silently permits the occupant to continue in possession for some weeks longer and does not enforce a contingent arrangement for the surrender of the premises at that time. And in subsequent proceedings to recover possession as from a tenant holding over, he is estopped from showing that any such arrangement existed.

4. Where the record shows that the result could not have been different if excluded testimony had been admitted, or vice versa, no new trial will be ordered on such grounds.

Error to Kalamazoo. (Mills, J.) April 23.—May 6.

Proceedings to recover possession. Complainant brings error. Affirmed.

*Powers & Oxenford* for appellant, cited *Strain v. Gardner* 61 Wis. 174.

*Oscar T. Tuthill* for appellee. Parol evidence of contemporaneous facts is not admissible to vary a written agreement: 1 Greenl. Ev. § 275 ; Whart. Ev. §§ 920–927 ; *Wemple v. Knopf* 15 Minn. 440 ; *Adair v. Adair* 5 Mich. 204 ; *Jones v. Phelps* 5 Mich. 222 ; *Sutherland v. Crane* Walk. Ch. 523 ; *Stange v. Wilson* 17 Mich. 346 ; *Vanderkarr v. Thompson* 19 Mich. 82 ; *Cline v. Hubbard* 31 Mich. 239 ; *North Am. Fire Ins. Co. v. Throop* 22 Mich. 150 ; *Beers v. Beers* 22 Mich. 44 ; *Abell v. Munson* 18 Mich. 312 ; *Savercool v. Farwell* 17 Mich. 318 ; *Martin v. Hamlin* 18 Mich. 364 ; *Johnson v. Cranage* 45 Mich. 19 ; *Coon v. Spaulding* 47 Mich. 162 ; *Carney v. Hotchkiss* 48 Mich. 276 ; *Baker v. Morehouse* 48 Mich. 334.

CHAMPLIN, J. The plaintiff commenced summary proceedings before a circuit court commissioner to recover possession of a farm situated in the township of Alamo, in the county of Kalamazoo. She claimed that she was landlord of the premises, and that defendant was her tenant and held the premises unlawfully and against her rights, and that she was lawfully entitled to the possession of the same. The cause was tried in the circuit court before a jury. The plaintiff was sworn and testified in her own behalf. She said : " We signed a paper at my house on September 22, 1882 ; the paper now shown me is the one. The paper was not read to me before I signed it ; the paper was first signed, and then read to me. Charles Bullard signed my name for me, and Kleis signed his own name. Kleis moved onto my place, September 22, 1882, and has lived there since."

The paper signed and referred to by the witness was as follows :

" ALAMO, September 22, 1882.

I have now taken Mrs. Susannah Pickard's farm, to work on shares, for one year, and the privilege of three. The wheat crop she is to furnish $\frac{1}{2}$ of seed and I the other, and each get $\frac{1}{2}$ the wheat raised. The corn crop I furnish all

of the seed, do all the work, and crib her $\frac{1}{8}$ of crop; and the fruits she is to have $\frac{1}{2}$ if wanted.

CHAS. KLEIS,
SUSANNAH PICKARD."

The witness further testified that the transaction occurred at her house in Alamo Center; that immediately after it was signed she suggested some changes that should be made in it. She said she did not want the writing drawn in that way, and was not satisfied with it the way it was; that Kleis said he was willing to change it; that she told him she wanted it in the writing that if they could not agree, that he should leave the place in a year; that he said we need not change the writing, because he was willing to go if we could not agree; that she then told him that five years was too long a time for the lease to run and wanted it changed to three, and it was changed by striking out the "five" and writing in "three;" that she then said she wanted the manure left on the place, and he said of course he would do so,—it would be for his interest as well as hers; that Bullard, who drew the paper, said that if we were not satisfied he would draw new writings; Kleis said there was no need of it; that if they could not agree he would not stay on the place; that she told him to go on the place and he went on; that she told Kleis that she had twenty acres seeded that fall and did not want it disturbed; that she wanted it left until it had grown enough to plow under with benefit to the ground, and he said he would leave it; that she told him there was no place for cattle to pasture on the place, and he said he would let them run in the swamp; that she told him that there was but very little timber on the place, and she did not want any cut down,—if there was any down timber he could use it for firewood; he said he would not cut any down; that the talk occurred after the change from five to three had been made; that she then told him that she was not satisfied with the paper; that it was not as substantial as she wanted it to be, and he said it did not make any difference; that then they had that talk she had detailed; that the paper was lying on the table; that she had not taken it yet. It was left there, and she took

the paper afterwards and put it away and kept it until this suit was brought, and brought it with her when she came to the trial.

The foregoing testimony as to what occurred at the time the paper was signed, was objected to by defendant's counsel in proper time, and was received subject to the objection, and after it was received the counsel for defendant moved to strike out all the witness had sworn to, on the ground that it was incompetent, immaterial, and irrelevant; that all talk had at the time the paper was signed, contemporaneous with the signing and execution of it, was inadmissible, incompetent and immaterial, which motion was granted by the court, who struck out all the testimony except the written contract. The witness was then asked if in the month of February, A. D. 1884, she had a conversation with the defendant on her place occupied by him, which was excluded under defendant's objection. Counsel for plaintiff then offered to show that on that occasion she had a conversation with the defendant in which she stated that she wished him to leave her place by the first of April; that he said he would go, but should take the wood and rails he had hauled on the place. She told him he could have the wood and rails if he would go, and he said he would go without any trouble, and would yield up the premises on those conditions. Counsel for complainant then offered to show that at the termination of defendant's year complainant stated to defendant that she was not satisfied; that he had not done as he agreed, and must consider his tenancy at an end. Counsel for plaintiff then offered to prove that the defendant had not worked the premises in a farmer-like manner; that he had not cared for the crops in a farmer-like manner, but had allowed the farm to run down and the crops to go to waste; that he had committed waste by removing the stalls and scaffolding in the barn; that the farm was such as to raise ordinarily good crops, and would, if it had been properly worked, but that for the years 1882–83 the plaintiff only received as her share of the crops two bushels of corn, two and one-half bushels of small potatoes, and two dollars in money, and that she paid over nine dollars in taxes; that the defend-

ant, instead of working plaintiff's place, spent his time working for other people; and that about the 21st day of February, 1884, a written notice was served upon the defendant to yield up the premises in three months. All this testimony was excluded by the court. The court then directed a verdict for the defendant.

The errors assigned are upon the ruling of the court in striking out all the testimony except the written contract, and in refusing to receive the proof offered by plaintiff. Counsel for plaintiff contends that the plaintiff was entitled to show the conversation had, and the arrangement entered into after the written contract was read over; that the reading and assenting to the paper became a part of the execution of the contract, and it was competent to show that the parties did not assent to it when read over, but abandoned it; that if the minds of the parties did not meet when the contract was read over, and it was so stated at the time, then the writing never became their contract; and this it was competent to show. It was also competent to show that after the contract was read over the parties did not approve of it, but entered into a new verbal arrangement; that this is not an attempt to vary the terms of a written instrument by parol, but to show that the written contract never was fully executed so as to become the contract of the parties; that the evidence tended to show that the minds of the parties never met on this paper writing, but that it was abandoned, and the defendant entered into possession under the verbal arrangement, and it became a question of fact for the jury under which he entered, if the defendant claimed it was the written contract; that the complainant offered to show that the defendant, for a consideration, agreed to vacate and yield up possession of the premises on the first day of April; and if the defendant agreed with the complainant to deliver up possession on the first day of April, then his term for *occupying* the premises expired on that day, and the complainant was entitled to commence proceedings before the commissioner at once without any notice whatever. Citing How. Stat. § 8295.

We do not see how it could be considered proper to show the agreement to yield up possession on the first of April, when the proceedings to recover possession were not commenced until the 28th day of May following. If the plaintiff relied upon the right of occupancy as terminating on that day, it was her duty to proceed promptly to obtain possession. If defendant held possession to that time under a valid contract, after a delay of nearly two months he might presume her assent to continue his occupancy upon the same terms as before. The interval was one of importance to the operations usually occurring upon a farm at that season of the year, and we think such testimony rightly excluded.

Upon the other points in the case it is sufficient to say that if plaintiff had been permitted to prove all he offered and which was excluded, he would not have been entitled to recover in this form of proceeding. We are not called upon to decide whether the contract claimed in this case to have been entered into created the relation of landlord and tenant. If it did, there was no right of re-entry reserved upon failure to perform the covenants or conditions of the contract, and no agreement that a failure to perform should operate as a forfeiture or termination of the lease. Breach of the covenants, express or implied, of the agreement claimed, did not terminate the relation of landlord and tenant between the parties, and consequently there was no holding over contrary to the terms of the lease or agreement. *Langley v. Ross* 55 Mich. 163. To entitle a party to this remedy on the ground that the other party is holding over, the complainant must, at the time of making the complaint, have the right to the possession of the premises, and the rights of the other party under the lease to longer retain possession must have terminated.

If none of the proof had been stricken out, and all the proof rejected had been received, the plaintiff would not have shown a right to the possession at the time of the institution of these proceedings. Where the record discloses that the party would not have been entitled to recover in case the rejected evidence had been received, or if the

admitted evidence had been rejected, a case will not be reversed and a new trial granted, unless it appears to this Court that some substantial wrong or miscarriage has been occasioned in the trial of the action. Therefore, without passing upon the correctness of the rulings by the court below in rejecting evidence, we are clearly of the opinion that the verdict given under the direction of the court was correct, and the judgment entered thereon is

Affirmed with costs.

The other Justices concurred.