JOSEPH HANAW v. DAVID R. BAILEY.

*Landlord and tenant—Lease—Forfeiture—Summary proceedings—Appeal—Affidavit—Bond.*

1. After a defendant had taken an appeal from a judgment of restitution in a summary proceeding to recover possession of lands, he served a notice upon the complainant that he would quit the premises on a certain date, and requested him to divide the property on the leased premises, and subsequently left the land. And it is held that he did not thereby satisfy the judgment appealed from, or admit that he was holding possession unlawfully when the suit was commenced, but that such surrender was an act entirely independent of the judgment and prior proceedings.

2. An affidavit in the form commonly used on appeal from justices' courts, which alleges that a judgment has been rendered against the appellant whereby he is required to leave and deliver up possession of a farm to the appellee, is sufficient on an appeal from a judgment of restitution rendered in a summary proceeding under the statute to recover the possession of the farm.

3. How. Stat. § 8307, providing for an appeal from judgments in summary proceedings to recover the possession of lands, does not, in express terms, provide that the commissioner shall indorse on the bond either that he has fixed the penalty or approved the bond; and when a bond is accepted in a certain penalty, and an appeal granted by making a return of the proceedings had before the commissioner, with the affidavit and bond on such appeal, it will be presumed in favor of the jurisdiction of the appellate court that the commissioner not only approved the bond, but fixed its penalty according to law.

4. A farm lease provided for the working of the farm in a good and workman-like manner, and, in case of a failure so to do, reserved to the lessor the right to perform the work, and deduct the cost from the lessee's share of the crops, who was given full possession of the house on the farm during *his* tenancy, without compensation therefor. The forfeiture and re-entry clauses were stricken from the printed blank used in preparing the lease. And it is held that the right of the tenant to remain in possession of the farm during the term of the lease did not depend upon the manner of his performance of the agreement as to working the same, and that non-performance of this agreement would not forfeit the lease.

Error to Jackson. (Peck, J.) Submitted on briefs October 22, 1890. Decided October 31, 1890.

Summary proceedings to recover possession of land. Complainant brings error. Affirmed. The facts are stated in the opinion.

*A. E. Hewitt* (*Austin Blair*, of counsel), for appellant.
*Dwight D. Root*, for defendant.

[The points of counsel are stated in the opinion. —REPORTER.]

MORSE, J. This is a summary proceeding instituted before a circuit court commissioner of Jackson county to recover possession of lands held by defendant under a contract for working the same. The commissioner after trial of the issue before him gave judgment of restitution in favor of the complainant, and for costs, amounting to $34.10. This judgment was rendered March 26, 1889.

On the 29th of same month, defendant presented an affidavit and bond for appeal, and paid the costs and entry and return fee required on such appeal. In the circuit court complainant made a motion to dismiss the appeal, which was denied. Afterwards, when the cause came on to be tried, and after a jury was impaneled and

sworn, but before proceeding to trial, the complainant objected to the appellant's proceeding to the trial on the ground that the appeal was not legally taken, and the court therefore had acquired no jurisdiction to try the case, assigning the same reasons as in his motion to dismiss. The objection was overruled. Thereupon, for the purpose of saving time on the trial, and the examination of a large number of witnesses, at the suggestion of complainant's attorneys, it was consented to by the attorneys for the respective parties that the complainant might offer in evidence the lease or agreement of the parties under which the defendant had possession of the premises in controversy, and for violation of which the complaint was made, and the defendant might thereupon at once raise the question whether, under this lease, the complainant could recover possession of the farm under the statute, the re-entry clause having been struck out by the parties, and the term not having expired. The complainant's attorneys thereupon stated that they desired and offered to put in testimony tending to show that the defendant had violated the agreements contained in the lease in all material particulars; he had not carried on the farm in a husband-like manner, and had produced substantially no crops, and did not take care of the stock as he had agreed to do. It was admitted that these proceedings were commenced a few days before the expiration of the first year, the term being two years. After hearing arguments of counsel for the respective parties upon this question, the circuit judge did then and there state and deliver his opinion that the complainant could not recover in this action by showing that the defendant failed to work the farm in a good and husband-like manner, and so failed to produce crops that the farm ought to have produced, because the contract does not provide for a forfeiture of the tenancy for that reason, and does

not provide for a re-entry on the premises in case that should occur.

The motion to dismiss the appeal was grounded upon two reasons:

1. That the defendant had surrendered the land to the complainant after the appeal was taken.

2. Because the affidavit and bond for the appeal of said cause were not sufficient to confer jurisdiction on the court.

The first reason was not a good one. It appears that, after the appeal had been taken, or attempted to be taken, and on March 30, 1889, the defendant served a notice upon the complainant, to the effect that he should quit the place on April 1 or 2, 1889, and asking him to come and divide the property on the farm, and he subsequently left the land. This did not affect the appeal. The question to be determined by the appeal related to the forfeiture of defendant's contract, and his right to possession at the time the suit was commenced, and not afterwards. It is contended by complainant's counsel that this giving up of, possession was a satisfaction of the judgment of restitution, and there was then nothing left to appeal from. This contention will not hold in such a case as this. The abandonment of the farm by the defendant cannot be considered as an act in satisfaction of the judgment, or an admission that he was at the commencement of suit holding possession of the land unlawfully. It was a transaction entirely independent of the judgment and prior proceedings in this case.

It is claimed under the second objection to the appeal that the affidavit was defective in not stating the nature of the action, nor when it arose, nor when it was tried. The affidavit for appeal was in the common form of affidavits on appeal from justices' courts, and was sufficient. How. Stat. § 8307. It reads as follows:

"STATE OF MICHIGAN, }
"County of Jackson, } ss.

"David R. Bailey, of said county, being duly sworn, says that a final judgment was rendered upon an issue of fact and law, joined between the parties, by E. D. Teele, circuit court commissioner in and for said county, on the 26th day of March, A. D. 1889, in favor of Joseph Hanaw, as complainant, and against deponent, David R. Bailey, as defendant, whereby said Bailey is required to leave and deliver up possession of a farm to said Hanaw, and for thirty-four and 10-100 dollars costs of suit. Deponent further says that such judgment is not in accordance with the just rights of said deponent, as deponent verily believes, and that said deponent conceives himself aggrieved thereby, and appeals therefrom to the circuit court for the county of Jackson, and further deponent saith not.

"DAVID R. BAILEY.

"Sworn to and subscribed before me this 28th day of March, 1889.

"E. D. TEELE,
"Circuit Court Commissioner."

The bond is also said to be defective because it does not appear therein that the penalty was fixed by the commissioner in double the amount of the annual rent of the premises, or that it was approved by the commissioner. The bond is in a penalty of $600, and is in proper form. A certificate is attached by the commissioner that the sureties justified their pecuniary responsibility upon oath before him. No approval is indorsed upon it, yet the commissioner received it, filed it, and returned it with the appeal papers to the circuit court. In the absence of any showing to the contrary, this is a sufficient showing that he approved it. The statute does not, in express terms, provide that the commissioner shall indorse on the bond either that he fixed the penalty or approved the bond, and when, as in this case, he takes a bond containing a certain penalty, and grants an appeal by making a return to the circuit court of the proceedings had before him, with the affidavit and bond of appeal, it will be presumed in favor of the jurisdiction of the circuit court

that he not only approved the bond, but fixed the penalty of the same in accordance with law.

There was no showing before the circuit court that the penalty of the bond was insufficient, or that the sureties were not good for the amount of the same, nor that the commissioner did not fix the penalty of the same. Furthermore, it was stated in the circuit court by defendant's attorney, and not denied by complainant's counsel, that the commissioner first decided that the bond should be in the sum of $300, but complainant's attorneys insisted that the bond should be raised to $600, whereupon it was so ordered by the commissioner; and that complainant's attorneys then declared themselves satisfied with the sureties as well as the penalty of the bond. This also appears by an affidavit of the commissioner, filed in rebuttal of the motion to dismiss the appeal.

We have now to consider whether the court was right in directing a verdict for the defendant upon the lease or agreement, and the offer of testimony made by complainant. The agreement was made on March 15, 1888, for the term of two years from April 1, 1888, and provided for a longer term of letting year by year if both parties "were satisfied with each other." The letting was on shares, the tools, implements, and teams to be furnished by Bailey,—

"Said farm to be farmed and worked in a good and workman-like manner, and all work to be done seasonable, and under the advice of said party of the first part [Hanaw], who, together with the members of his family, shall be privileged to go upon said farm at any and all times, but not to impede or hinder the work."

Each party was to furnish one-half the seed, etc., and to furnish and own one-half of the stock on the farm. The products of the farm and the increase of stock were to be equally divided. It was further provided in another part of the agreement as follows:

"The party of the first part reserves the right to say what fields on said farm shall be put into crops, and what kinds of crops shall be put in, but in no event shall said farm be sowed or planted to any one crop disproportionate to the size of said farm, and the amount of stock kept on said farm. The work in carrying on said farm shall be done by the said party of the second part in a good and husband-like manner, and in due season, and, should he fail to do it, then said first party reserves the right to do it, or cause it to be done, and the cost thereof to be deducted from the share of the products of said farm going to said second party, according to the terms of this lease."

It was also agreed that Bailey should have "full possession of the house on said farm during his tenancy, without compensation therefor." The following clause, among others, in the printed blank upon which the agreement was written, was stricken out and erased:

"Provided, that in case any rent shall be due and unpaid, or if default shall be made in any way of the covenants herein contained, then it shall be lawful for the said part—of the first part,—certain attorney, heirs, representatives, or assigns, to re-enter into and repossess the said premises, and the said part—of the second part, and each and every other occupant, to remove and put out."

It would seem, as held by the circuit judge, that the striking out of this clause, with the insertion of the clause permitting and authorizing the complainant to go on and perform the work as it ought to be done, and charge the cost of the same to Bailey, indicates an intent of the parties to the agreement that Bailey's right to remain upon the premises should not depend upon the manner of his performance of the farm work thereon. We are satisfied that this is the proper construction of the agreement. There was in this instrument no right of re-entry reserved upon failure to perform the covenants or conditions of the agreement, nor any stipulation therein

that a failure to perform should operate as a forfeiture or termination of the lease. *Pickard v. Kleis,* 56 Mich. 604, 609 (23 N. W. Rep. 329); *Hilsendegen v. Scheich,* 55 Id. 468 (21 N. W. Rep. 894); *Langley v. Ross,* Id. 163 (20 N. W. Rep. 886).

The judgment is affirmed, with costs.

The other Justices concurred.