## SOMERS *v.* LOOSE.

FARM LEASE — RE-ENTRY BY LANDLORD — LESSEE'S RIGHT TO
CROPS—OFFER OF EVIDENCE.

*Under a lease of farm land for the sole purpose of raising
   crops, the land had no buildings, was inclosed by fences, and
   was occupied by the lessee to put in the crops. The lease
   contained no express covenants as to husbandry. The lessor
   claimed to have repaired the fences, and forbade the lessee to
   take off the crops. The lessee harvested the crops, and the
   lessor replevied them. *Held:*

1. That the repairing of the fences by the landlord did not
   justify the conclusion that he had taken possession.
2. Where there are no express covenants as to husbandry, the
   clause providing for re-entry does not apply to the implied
   covenants.
3. A denial by the lessor of the lessee's right to harvest the
   crops does not show that the lessor had taken possession.
4. Under the circumstances of the case, a statement made by
   counsel to the court, in the absence of the jury, that he
   wished to show certain things, was not as complete as it
   should have been.

Error to Missaukee; Chittenden, J. Submitted April
17, 1901. Decided June 4, 1901.

Replevin by George Somers against Neil E. Loose.
From a judgment for defendant on verdict directed by
the court, plaintiff brings error. Affirmed.

Plaintiff, by a written lease, let to defendant three
small pieces of land—one of ten acres, and the other two
of three each—for one year and three months from the
9th day of May. There were no buildings upon the land.
A crop of corn was to be followed by a crop of wheat.
Plaintiff was to have as rent one-third of all the produce
raised, except the hay, of which he was to have one-half.
The wheat was to be put in not later than August 15th.

---

* Head-notes by GRANT, J.

The lease contained no covenants as to husbandry, but contained the usual re-entry clause for conditions broken. Defendant failed to sow the wheat at the time specified. Plaintiff sowed grass seed upon the wheat land. The wheat was a failure, and was not harvested at the usual time, and the wheat and hay were harvested together by defendant about the middle of August, and were placed in two stacks. Plaintiff, claiming that the lease had been violated, and that he was entitled to and had taken possession of the land prior to the cutting of the hay and wheat, brought replevin for the two stacks. The court directed a verdict for the defendant on the ground that plaintiff had given no notice to quit, had taken no steps to declare the lease forfeited, and had not taken absolute possession.

*F. O. Gaffney*, for appellant.

*U. S. Albertson*, for appellee.

GRANT, J. (*after stating the facts*). The case was determined upon the plaintiff's proofs, the defendant introducing no evidence. Plaintiff testified that, when the "property was in condition to cut and harvest, he was entitled to and was in possession of the same, and attempted to cut it, but was prevented by the defendant, who did cut it, and put it in two stacks," and rested. He did not testify in what manner he was prevented. Upon cross-examination he was shown the written lease, and admitted its execution, and the possession of defendant under it; admitted he gave no notice to quit or intention to forfeit the lease, except that he told defendant "he couldn't have it" (the crop of wheat and hay). On redirect examination plaintiff's counsel was proceeding with the examination of plaintiff as to what was done under the lease, when the court asked counsel what was the object of such testimony, to which the counsel replied, "To show that defendant had broken the covenants of the lease." Counsel further stated that it was his idea that plaintiff, upon showing a breach of

the covenants by the defendant, had a right to enter and take possession of the wheat and hay.

"*The Court:* Do you offer to show that he took possession after this corn crop—

"*Mr. Gaffney:* No, your honor. But this is only one of the many violations of the covenants mentioned in the lease."

The jury were then allowed to retire—a very good practice—while the attorneys argued the question of law. During the argument, plaintiff's attorney stated to the court:

"We wish to show that defendant allowed the fences to become out of repair, so that the plaintiff went upon the land and fixed the fences; that plaintiff had different talks with the defendant, in which defendant was denied the right to go upon the land; and that defendant recognized that he had no right to that crop of grass."

In one part of his brief counsel for plaintiff says that this land was not actually occupied by either party. If plaintiff in the court below had tendered this testimony with the view to show a mutual abandonment of the premises, a different question would have been presented. But the sole claim of plaintiff in the court below was that the defendant had violated the covenants of the lease, and that therefore the plaintiff was entitled to re-enter, and did re-enter by repairing the fences. No other acts of possession were shown.

Where the sole possession of leased property is evidenced by fences, and, under the terms of the lease, the lessee is entitled to possession and has put in crops, the mere fact that the landlord has repaired the fences is not sufficient to justify the conclusion that he has retaken possession. There being no express covenants as to husbandry, the clause in regard to re-entry does not apply to the implied covenants. *Hough* v. *Brown*, 104 Mich. 109 (62 N. W. 143). A denial by the plaintiff of defendant's right to harvest the crop would not show that plaintiff had taken possession. Whether it would tend to show pos-

session would depend upon what was said, and the circumstances under which the language was used. We do not think the offer was as complete as the circumstances required. Plaintiff should have stated the testimony upon which he relied as a denial of the right, and as a recognition of plaintiff's right to the crop. Both denial and recognition must depend upon the conversation between the parties, and all that plaintiff could do would be to testify to the conversation, leaving it to the court or jury to draw the conclusion therefrom.

Judgment affirmed.

The other Justices concurred.