VINCENT *v.* CRANE.

1. Landlord and Tenant—Covenants—Subletting.

   A covenant in a farm lease against subletting is not broken by permitting one who works on the farm for the tenant to occupy a house on the premises.

2. Same—Default—Re-entry.

   An agreement by a tenant in a farming lease upon shares and under seal, that he would not sell any of the produce without the consent of the lessor, is a covenant, within the meaning of a provision giving the lessor a right of re-entry in case default should be made in any of the covenants.

3. Same—Repairs to Buildings and Fences.

   An instruction that a tenant would be required to keep the buildings and fences in such reasonable repair as ordinarily prudent farmers do was error, where he had covenanted to keep them in such repair and condition as when taken.

Error to Gratiot; Stone, J.  Submitted July 13, 1903. (Docket No. 125.)  Decided November 9, 1903.

Summary proceedings by Dresser B. Vincent against Obid F. Crane to recover the possession of a farm.  From a judgment for defendant, plaintiff brings error. · Reversed.

*John T. Mathews* and *Julius B. Kirby*, for appellant.

*Searl & Monfort* and *A. McCall*, for appellee.

Montgomery, J.  On the 22d · of September, 1900, plaintiff leased to the defendant his farm of 200 acres for the term of two years, with the privilege · of three years, from the 1st of April, 1901, under a written lease, which contained the provision that, "in case any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the party of the first part" to enter and repossess himself. The lease then proceeds as follows:

"And the said party of the second part does hereby hire the said premises for the term of two years as above mentioned, and does covenant and promise to pay to the said party of the first part, his representatives and assigns, for rent of said premises for said term, one-half of all produce raised on farm.    It is hereby agreed that all live stock on said farm is to be fed out of the undivided feed on said farm; that each party is to furnish one-half of all seed to be planted or sown on said farm in its season, and, in case each does not so furnish, the other can so furnish, and take the pay for same, at market price, out of the other's share at time of harvest; that all stock bought or put on said farm is to be fed in common on said farm, and each said party to pay one-half for said stock, and when said stock is sold, which shall not be later than the expiration of this lease, each shall receive one-half of the money arising from said sale.    In case either of said parties furnishes more means than the other in the purchase of stock to be placed on said farm, the party so doing shall receive 7 per cent. interest from the time said money or means is advanced over and above his said share on sale of said stock, and said party so furnishing shall take out said interest and principal so furnished before the division of the sale money from any or all of said stock; each of said parties to furnish one-half and receive one-half in relation to all stock in case of sale of any or all of any partnership stock on farm.    No sale is to be made unless upon the mutual consent of each party.    Said second party to have his firewood from said premises, but in so doing said second party is to cut no standing live timber.

"Said party of the second part further covenants that he will not assign nor transfer this lease, or sublet said premises, or any part thereof, without the written assent of said party of the first part.    And also that said party of the second part will, at his own expense, during the continuance of this lease, keep the said premises, and every part thereof, in as good repair, and at the expiration of the term yield and deliver up the same in like condition, as when taken, reasonable use and wear thereof and damage by the elements excepted."

This proceeding was instituted on the 2d of April, 1902, to recover possession of the land, the plaintiff claiming that defendant had violated the covenants of his lease, in that (1) he had sublet a portion of the premises; (2) he

had sold stock and produce of the farm without consulting the landlord, and contrary to his wishes; (3) he had cut standing live timber, contrary to the covenants of the lease; and (4) he had failed to keep his covenant to keep the premises in as good repair as when taken, reasonable wear and use thereof and damage by the elements excepted. The case was tried on appeal in the circuit court, and defendant recovered, and the case is brought here for review on error.

The court below held that there was no evidence of a subletting. The facts as to this are not in dispute. It appears that the defendant employed one Stenick to perform labor for him on the farm, and gave him possession of a house on the premises. The court held that this was not a subletting within the meaning of the terms of the lease. We think the court correctly ruled this question. There was no subletting. The relation of landlord and tenant was not created between Crane and Stenick. It is a case of the occupation of a house by a servant, which occupancy was connected with the service, and required by the employer for the necessary and better performance of the service. *Kerrains* v. *People*, 60 N. Y. 221 (19 Am. Rep. 158); *Haywood* v. *Miller*, 3 Hill, 90; *Chatard* v. *O'Donovan*, 80 Ind. 20 (41 Am. Rep. 782).

The circuit judge withdrew from the jury any consideration of the question as to whether the defendant had sold stock and produce from the farm without the consent of the plaintiff, and based his ruling upon the view that the provision in the contract that no sale should be made unless upon the mutual consent of each party was not a covenant, and therefore that, if this provision of the contract was violated, the provision giving the right of re-entry in case default should be made in any of the covenants of the lease did not become operative. We think this ruling of the court was error. This is an agreement under seal. The rule is well settled that no particular form of words is necessary to the creation of a covenant in a deed. It is enough that it constitutes an agreement

under seal, intended to bind the parties. See 8 Am. & Eng. Enc. Law (2d Ed.), p. 55, and cases cited in notes. We think this agreement was clearly intended to bind both parties, and amounted to a mutual covenant. The case is not one in which it is necessary to find the engagement to be a condition. It does not stand by itself. It is enough to say that it is a covenant, and then the other provision of the lease authorizes the re-entry.

Upon the subject of keeping the premises in repair, the court charged the jury as follows:

"Now, gentlemen, in regard to the covenant to keep the premises in repair, we must keep in mind the character of the premises, and their condition, and all of the surroundings. We cannot, perhaps, lose sight of the fact, or any fact that has a direct bearing upon what would be reasonable and usual. A different rule would prevail with a farm than with simply a dwelling house upon a village lot in this: That we must keep in view the size of the farm, the amount of fences upon the farm, the condition of the fences when the tenant took possession of the farm to work, and the character of the buildings, and the use to which they were subjected necessarily, reasonably; and, keeping in view all of these facts, you are to determine from the evidence in this case, Did the defendant keep these premises in reasonable repair during the continuance of his lease? If a fence blew down, or got down in any manner, it might not be the duty of the defendant to put it up immediately the next morning, or, if a window light was broken out of the barn, to immediately place it in; but he would be required to keep the fences and the buildings in such reasonable repair as ordinarily prudent farmers do,—that is, to use the same diligence that ordinarily prudent farmers use in keeping their buildings in repair."

We think it quite possible that the jury may have been misled by this instruction. It is undoubtedly true that the defendant would have a reasonable time after any injury to the premises, such as is suggested in the charge, to put the same in repair; but the test made by the contract is not that they shall be kept in such reasonable repair as

ordinarily prudent farmers use, but that they shall be kept in such repair and condition as when taken.

The question as to the breach of the covenant against cutting live timber was fairly submitted to the jury.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.