UNITED COIN METER CO OF MICHIGAN v LASALA

Docket No. 78-4951. Submitted March 4, 1980, at Detroit.—Decided
    June 16, 1980. Leave to appeal applied for.

Plaintiff, United Coin Meter Co. of Michigan, entered into an
    agreement with Villa Investment Company couched in terms of
    a lease whereby plaintiff agreed to install and maintain 15
    coin-operated washing machines and 15 dryers in the Villa
    Manor Apartments at a rent of 55 percent of the monthly
    revenues from the machines. Defendants, Michael Lasala and
    his wife, purchased Villa Manor Apartments from Villa Invest-
    ment Company. Defendants disconnected plaintiff's machines,
    installed other coin-operated laundry equipment on the prem-
    ises and refused plaintiff access to the premises except to pick
    up its machines. Plaintiff brought suit in the Macomb Circuit
    Court, seeking treble damages and injunctive relief for unlaw-
    ful interference with its leasehold interest. Defendant counter-
    claimed that plaintiff breached the terms of the lease by failing
    to properly maintain the machines and by failing to pay 55
    percent of the revenues. The court, Hunter D. Stair, J., granted
    a judgment for defendants holding that this was not a landlord-
    tenant matter. Plaintiff appeals. *Held:*

    1. The trial court was correct in refusing to grant injunctive
    relief, because an adequate remedy existed at law, and in
    finding that treble damages were not justified, because the
    treble damages provision was intended by the Legislature to
    apply only to the use or threat of personal violence or force.

    2. This is a landlord-tenant matter and defendant was bound
    by the lease. The trial court erred in permitting defendants to
    raise plaintiff's breach of the lease as a defense to plaintiff's
    action for possession. Malfunctioning of the machines was not a

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur 2d, Landlord and Tenant §§ 290, 293.
[2] 49 Am Jur 2d, Landlord and Tenant §§ 222, 223.
[3, 6] 49 Am Jur 2d, Landlord and Tenant § 11.
[4] 49 Am Jur 2d, Landlord and Tenant § 1021.
[5] 75 Am Jur 2d, Trial § 191.
    Prejudicial effect of trial court's denial, or equivalent, of counsel's
    right to argue case. 38 ALR2d 1396.

relevant feature of the lease. Defendants' remedy for breach of the lease was to institute summary proceedings to recover possession, requiring a 30-day notice and commencement of a district court action. A landlord may not forfeit a lease and reenter the premises upon a breach by the tenant absent a specific grant of that right in the lease.

3. Evidence concerning malfunctioning machines was not relevant to the issue of damages, because defendants never claimed damages for breach of the repair covenant.

4. Although a trial court has considerable power to limit the argument of counsel, to deny closing argument completely to a party who requests it is an abuse of discretion.

5. Plaintiff is not entitled to possession because the term of the lease has expired, but it is entitled to actual proven damages.

Remanded for a determination of damages.

CYNAR, J., dissented. He would hold that the agreement was in substance a lease of personal property, the machines, to defendants as lessees rather than a lease of real property. As a lease of personal property, it would be governed by Article 2 of the Uniform Commercial Code. He would hold that plaintiff was in breach of an implied warranty of merchantability and that defendants' actions im removing the machinery from the laundry room constituted a revocation of acceptance under the UCC and was proper. He would affirm with costs and attorney fees.

OPINION OF THE COURT

1. LANDLORD AND TENANT — REMEDIES — INJUNCTION — STATUTES.

Injunctive relief, provided for by statute to tenants whose rights of possession are unlawfully interfered with, is properly denied where there exists an adequate remedy at law (MCL 600.2918; MSA 27A.2918).

2. LANDLORD AND TENANT — REMEDIES — DAMAGES — STATUTES.

The treble damages provision of a statute providing for remedies for unlawful interference with possessory interests in real property was meant by the Legislature to apply only in cases of use or threat of personal violence or force (MCL 600.2918; MSA 27A.2918).

3. CONTRACTS — LANDLORD AND TENANT.

An agreement to install and maintain on a certain premises coin-operated washing machines and dryers and payment of 55 percent of the revenues collected in return for providing the

space and water and fuel to run the machines is a lease of real property, creating a landlord-tenant relationship.

4. Landlord and Tenant — Breach of Lease — Remedies — Right of Reentry.

A landlord may not forfeit a lease and reenter the premises upon a breach by the tenant absent a specific grant of that right in the lease.

5. Trial — Closing Argument — Abuse of Discretion — Court Rules.

Complete denial of closing argument to a party who requests it is an abuse of discretion (GCR 1963, 507.7).

Dissent by Cynar, J.

6. Contracts — Uniform Commercial Code — Leases — Statutes.

An agreement to install and maintain on a certain premises coin-operated washing machines and dryers and payment of 55 percent of the revenues collected in return for providing the space and water and fuel to run the machines is a lease of personal property and, as a "transaction in goods", is subject to Article 2 of the Uniform Commercial Code (MCL 440.2101 et seq.; MSA 19.2101 et seq.).

*Stephen M. Landau,* for plaintiff.

*Stewart, O'Reilly, Cornell, Lascoe & Rancilio, P.C.* (by *Eugene F. Nowak),* for defendants.

Before: D. E. Holbrook, Jr., P.J., and R. M. Maher and Cynar, JJ.

D. E. Holbrook, Jr., P.J. On April 10, 1977, plaintiff entered into a three year lease with defendants' predecessor in title to the Villa Manor Apartments. Plaintiff agreed to install and maintain 15 washers and dryers, paying as rent 55 percent of the monthly revenues earned therefrom.

After defendants purchased the apartment complex, they negotiated for the purchase of the laundry equipment. Plaintiff contends that the negotia-

tions did not reach fruition because of defendants' refusal to purchase the leasehold interest in addition to the machines. There was some conflicting testimony as to malfunctioning of the laundry equipment and the need for frequent repairs. Defendants disconnected or otherwise rendered inoperable plaintiff's machines and installed other coin-operated laundry equipment on the premises. Plaintiff was then barred from the premises except to pick up its machines.

Plaintiff claims that because of the unlawful interference with the leasehold interest, it is entitled to treble damages and injunctive relief pursuant to MCL 600.2918; MSA 27A.2918. Defendants allege that plaintiff breached the lease by failing to properly maintain and service the equipment and by failing to pay 55 percent of the revenues.

The lower court held that this was not a landlord-tenant matter. A decision was rendered without either party resting and without any opportunity for closing argument. This Court is unable to understand the lower court's determination of damages as the written order was at variance with the oral pronouncement of judgment as to the amount due defendant on the counterclaim.

We hold that the lower court was proper in its refusal to grant injunctive relief as an adequate remedy at law was available. We further find that treble damages are not justified as the statute was intended to apply to the use or threat of personal violence or force. *Shaw v Hoffman*, 25 Mich 162, 167-169 (1872).

We do hold, however, that this is a landlord-tenant matter and that defendant was bound by the lease. The trial court erred by permitting defendant to raise as a defense in an action for possession that the plaintiff breached the lease

agreement. Malfunctioning of the machines was not a relevant feature of the lease. Assuming plaintiff breached the lease by failing to properly maintain the equipment, defendants' remedy was to institute summary proceedings to recover possession, which required service of a 30-day notice to terminate tenancy and commencement of a district court action. The trial court permitted self-help. A landlord is not permitted to forfeit a lease and reenter the premises upon breach of a covenant by the tenant absent a condition in the lease giving him such a right. *McPheeters v Birkholz*, 232 Mich 370; 205 NW 196 (1925). There was no such provision in the instant lease. Defendants unlawfully interfered with plaintiff's use and possession of the leased premises. Evidence concerning malfunctioning machines was not relevant to the question of damages, since defendants never claimed damages for breach of the repair covenant. Such evidence should have been excluded.

We also hold that it was reversible error to refuse to allow counsel closing argument. The trial court has considerable power in matters of trial conduct and may limit the arguments of counsel. *People v Green*, 34 Mich App 149; 190 NW2d 686 (1971). GCR 1963, 507.7 permits the court to fix the time allowed each party for closing argument. However, to completely deny closing argument to a party who requests it is an abuse of discretion.

As the lease term has expired, we hold that plaintiff is not entitled to possession of the premises. Nevertheless, it is entitled to actual proven damages. We remand this case to the lower court for a determination of those damages. We retain no further jurisdiction.

R. M. Maher, J., concurred.

CYNAR, J. *(dissenting)*. I respectfully dissent.

Initially, I must disagree with the facts as stated in the majority opinion. I find more than "some conflicting testimony" that the machines in question malfunctioned recurrently. Likewise, defendants' testimony indicated that the reason the negotiations for the purchase of the laundry equipment were not consummated was not because of defendants' refusal to purchase plaintiff's leasehold interest but because of plaintiff's rejection of defendants' offer.

So too, the majority opinion states that "malfunctioning of the machines was not a relevant feature of the lease". I disagree. Two documents drafted by plaintiff, the first entitled "Lease Agreement for Installation of Coin Operated Automatic Laundry Equipment", and the second labeled "Memorandum of Lease", contained the entire contract of the parties. The former instrument contained a clause which read as follows:

"2. SERVICE, REPAIRS AND MAINTENANCE

"UNITED shall service the equipment and keep same in repair at its expense and shall have the right to remove any of the equipment for repairs when necessary."

I find that this provision is persuasive evidence that malfunctioning of the laundry equipment was a major consideration of the parties.

However, the majority opinion is correct in concluding that, if this provision was breached, defendants' remedies did not include right of reentry and forfeiture of the lease, for no express right therefor was reserved in the written agreement. But this necessarily assumes that the lease dealt with real property and that the parties were in a landlord-tenant relationship. I am unable to accept

this conclusion, in spite of the fact that the *form* of the agreement would compel it. I am convinced that the agreement was in *substance* a lease of *personal* property by defendant as *lessee* and that the substance should control over the form. Accordingly, I am persuaded that this arrangement was a "transaction in goods" within the meaning of MCL 440.2102; MSA 19.2102, and that Article 2 of the Uniform Commercial Code controls resolution of the parties' dispute. Under Article 2, it is clear that plaintiff was in breach of the implied warranty of merchantability found in MCL 440.2314; MSA 19.2314. I would find that defendants' actions in removing the machinery from the laundry room constituted revocation of acceptance under MCL 440.2608; MSA 19.2608, triggering defendants' rights under MCL 440.2711; MSA 19.2711, and MCL 440.2712; MSA 19.2712. I find nothing unacceptable in defendants' actions herein under those sections. Additionally, as per the agreement, they were entitled to the monies withheld during the pendency of the litigation. Accordingly, I would affirm the judgment of the court below, with costs and attorney fees.