[No. 4343.]
# ANDREW HIMMELMANN v. JOHN FITZPATRICK ET AL.

TENDER OF MORTGAGE DEBT.—A tender of the amount due on a debt which is secured by mortgage, made after the debt falls due, does not release the lien of the mortgage.

IDEM.—The Court intimates that, under section 1504 of the Civil Code, a tender of the amount due on a mortgage will stop the running of interest, but does not decide the point.

APPEAL from the District·Court, Nineteenth Judicial District, City and County of San Francisco.

On the 1st day of December, 1868, defendant Fitzpatrick borrowed from the plaintiff $1100, and gave him his promissory note, due twelve months after date, with interest at two per cent. per month. To secure the note, defendant John and his wife Jane gave a mortgage on certain real estate in San Francisco. On the 1st day of April, 1871, there was due the plaintiff on the note the sum of $1567.20, at which time the defendants tendered the same to the plaintiff, who declined to receive it. No further payments were made. On the 3d day of May, 1873, this action was commenced to enforce the lien of the mortgage, and for an execution for the balance unpaid after a sale of the mortgaged property. The defense interposed was the tender made on the 1st day of April, 1871. The court found the amount due on the mortgage to be $2991.46, and rendered judgment for the plaintiff. The mortgage contained a clause, that in the event of a foreclosure, the borrower should pay, as the plaintiff's counsel fees, twenty per cent. of the amount found due. The court held, that this twenty per cent. was in the nature of a penalty, and that the plaintiff could recover only a reasonable sum for attorney's fees, and allowed him two hundred and fifty dollars. The defendants appealed.

*Thomas V. O'Brien*, for the Appellants.

The tender, or offer of payment of the whole amount remaining due, and for which the mortgage could be en-

forced, discharged the lien of the mortgage, and operated to defeat the action to foreclose. (*Kortright* v. *Cady*, 21 N. Y. 343; *Hartley* v. *Tatham*, 1 Keys, 227; *Jackson* v. *Crofts*, 18 Johns. 110; *Edwards* v. *Farmers*, 21 Wend. 467; *Astor* v. *Hoyt*, 5 Id. 617; *Farmers* v. *Edwards*, 26 Id. 541; *Arnott* v. *Post*, 6 Hill, 67.)

*William Irvine*, for the Respondent.

By the COURT:

We do not anticipate the serious consequences suggested by appellant, as the result of an adherence to the rule laid down in *Perre* v. *Castro*, nearly sixteen years ago, and which has been regarded as the law of this State ever since the decision in that case, that mere tender after the law day does not discharge the lien of a mortgage. And we are the more indisposed to reverse that case, if, as asserted by appellant, section 1504 of the Civil Code will prevent any further evil consequences from the rule as heretofore established. It has never been claimed that a tender paid the debt, but it has been urged, and in some States decided, that it should deprive the mortgagee of his peculiar remedy by action to foreclose. In the present case, if the tender was made in good faith, and was intended to be kept good, the mortgagor could have paid the money into court on the commencement of a proceeding to compel the mortgagee to accept it, and to satisfy the mortgage. But as we said, by Mr. Justice Baldwin, in *Perre* v. *Castro:* "It would be very harsh to hold that the debt is lost—the general effect of losing the security—by a mere refusal at a particular moment to receive it—that refusal induced, too, it might be by a variety of circumstances, morally excusing it, or at least not grossly violative of any positive duty, and productive of little or no injury to any one." (14 Cal. 530.)

It is probable that, under the provision of the Civil Code referred to, a tender will hereafter stop the running of interest, but upon that question we are not called on to express an opinion.

Judgment affirmed.