## Levi A. Dame *vs.* C. H. Hanson & Co., Incorporated.

Suffolk.   March 18, 1912. — May 24, 1912.

Present: Rugg, C. J., Morton, Braley, Sheldon, & DeCourcy, JJ.

*Sale,* Conditional.

By a contract of conditional sale the buyer of certain horses agreed "that if said goods and chattels . . . shall be attached or if I shall sell, mortgage, pledge or attempt to sell, mortgage or pledge the same . . .," or shall fail to pay said note at maturity, said [seller] shall have the right without any demand or notice to take immediate possession of said property and hold the same absolutely free from all claims and demands from me." *It was said,* that by the terms of this condition the title to the property would seem to have passed to the buyer subject to be divested at the option of the seller upon the happening of any of · the contingencies named and the taking possession of the property by the seller pursuant to the condition.

One, who is in possession of a chattel under a contract of conditional sale by which the title is to pass to him upon the performance of the conditions of the contract, after he has made a part payment and when he has committed no breach has an interest in the chattel which he can convey by a mortgage, properly recorded, so as to give the mortgagee the right to enforce the contract against the seller, and, if later the buyer is in default, such mortgagee by tendering to the seller the amount due on the conditional contract before the seller has taken possession of the chattel acquires the title to the chattel as against the seller.

Bill in equity, filed in the Superior Court on March 15, 1911, to redeem certain horses sold by the defendant to one Terrell under contracts in writing called "leases" and mortgaged by Terrell to the plaintiff.

The case was heard by *Hitchcock,* J., who made a memorandum of findings by which the following facts appeared:

On September 29, 1910, and on November 19, 1910, Terrell went to the stable of the defendant in Lowell and purchased the horses in question for about $1,200. The horses were sold to Terrell "upon conditional sales or leases." These "leases" signed by Terrell contained the clause which is quoted in the opinion.

Terrell paid on account of the "leases" something over $500. On January 18, 1911, when no payments were due on the "leases," Terrell made a mortgage of the property to the plaintiff to secure his note for $756, giving the plaintiff a power of attorney to

pay off any incumbrances against the property.    This mortgage was recorded.

On February 18, 1911, Terrell sold the horses to one Coolidge for $1,050 and delivered to him a receipted bill thereof, which was put in evidence.    Later the plaintiff looked for Terrell to get something paid on his mortgage and found that the horses were in the possession of Coolidge.    On March 10, 1911, the plaintiff assigned the mortgage to Coolidge and indorsed the notes to him without recourse.    On the same day Coolidge accompanied by an attorney, went to Lowell and saw C. H. Hanson, the manager of the defendant corporation, and talked the matter over with him. Hanson told them that there was then due him upon the property $695.75, and they thereupon offered to pay Hanson that amount, which he refused to receive.    On March 11, the assignment of the mortgage and the indorsement of the notes to Coolidge were cancelled.    On March 13, the defendant took the horses, claiming the right to do so because of the acts of Terrell in mortgaging and selling the property.    On the next day, March 14, the plaintiff with his attorney went to Lowell and tendered to Hanson the sum of $700 in bills in payment of any amounts due upon the "leases."    Hanson refused to receive it.    The horses had ever since been in the possession of the defendant.

The defendant asked the judge on the evidence to find for the defendant.    He asked him to rule, that no title to the horses passed to the plaintiff at the time of the mortgage by Terrell, and that the title to the horses did not pass to the plaintiff at the time of the tender of $700 by the plaintiff to the defendant.

The judge refused to find for the defendant or to make either of these rulings.    He found that the plaintiff, upon payment by him to the defendant of the amount due to the defendant on the "leases" given by Terrell, was entitled to the possession of the horses.    By order of the judge a final decree was entered, ordering the defendant, upon payment to him by the plaintiff of $695.75 to deliver the horses to the plaintiff.    The defendant appealed.

The case was submitted on briefs.

*J. J. Hogan & W. A. Hogan,* for the defendant.

*F. Keezer & E. M. Shanley,* for the plaintiff.

MORTON, J.    The property in question was sold by the defendant to one Terrell, upon what are termed "conditional sales or leases."

The condition was as follows: "Signed by me [Terrell] and payable to C. H. Hanson & Co., Inc., or order that if said goods and chattels or any part thereof shall be attached or if I shall sell, mortgage, pledge or attempt to sell, mortgage or pledge the same or any part thereof, or shall fail to pay said note at maturity, said C. H. Hanson & Co., Inc., shall have the right without any demand or notice to take immediate possession of said property and hold the same absolutely free from all claims and demands from me."
Taking the condition as it reads, the title to the property would seem to have passed to Terrell subject to be divested at the option of the defendant upon the happening of either of the contingencies named and the taking possession of the property by the defendant pursuant to the condition.

But however that may be, and assuming that the title was in the defendant, it was held by it subject to the performance by Terrell of the conditions named, and Terrell had therefore a right or interest which he could and did convey in mortgage to the plaintiff. *Chase* v. *Ingalls,* 122 Mass. 381. *Currier* v. *Knapp,* 117 Mass. 324. *Swallow* v. *Emery,* 111 Mass. 355. *Day* v. *Bassett,* 102 Mass. 445. Upon tender of the amount due by Terrell or his assignee before possession was taken by the defendant, the title vested in Terrell or his assignee. *Bailey* v. *Colby,* 34 N. H. 29, 37. *Cutting* v. *Whittemore,* 72 N. H. 107, 111. The case differs from those cases relied on by the defendant where no right or interest whatever passed until the goods were paid for by the purchaser according to the contract. In *Cottrell & Sons Co.* v. *Carter, Rice, & Co.* 173 Mass. 155, possession was taken several months before a tender was made. In the present case possession was not taken till after the tender when the rights of the plaintiff to redeem had become fixed. It is not necessary to consider the scope or effect of R. L. c. 198, § 11.

*Decree affirmed.*