FINANCE CORPORATION OF NEW JERSEY, APPELLANT, v. JOSEPH G. JONES, RESPONDENT.

Submitted July 10, 1922—Decided November 20, 1922.

The provisions of section 9 of the Conditional Sales act (*Pamph. L.* 1919, *p.* 461), permitting a conditional buyer, when the seller "expressly or impliedly consents" thereto, to resell and make good title to a purchaser for value in the ordinary course of business, are not impaired or nullified by section 13, relating to sale of the "interest" of the conditional buyer in the goods; and a clause in the contract of conditional sale that the buyer shall not resell without the *written* consent of the seller, is ineffective as against a purchaser for value under the conditions mentioned in section 9.

---

On appeal from the Supreme Court, whose opinion is reported in 97 *N. J. L.* 106.

For the appellant, *Elmer W. Romine.*

For the respondent, *Elmer King* and *Robert H. Schenck.*

The opinion of the court was delivered by

PARKER, J. The suit is in replevin to recover possession of an automobile sold and delivered to respondent, Jones, by

a corporation called the Connolly Motor Sales Company, which was the accredited local representative and "distributor" for the manufacturers of the particular make of car. Jones had paid for the car in full, part cash and part by allowance for a car turned in by him; but the appellant, Finance corporation, made claim to it under the terms of a conditional bill of sale from the Finance corporation to the Connolly company. The opinion of the Supreme Court does not accurately state the facts bearing on the title to the car. These are as follows:

1. Sale by the manufacturers to the Connolly company of the car in question with others. To enable the Connolly company to pay the manufacturers the Finance company advanced $2,800.

2. To secure this $2,800 the Connolly company made a bill of sale to Finance company, absolute on its face.

3. Finance company then made a conditional bill of sale to Connolly company, containing the usual reservation of title until payment be made of the sum of $56 on execution of the agreement, $56 one month from date, and $2,800 two months after date, besides legal interest. This agreement was duly recorded as provided by law.

In this posture of affairs, the car in question being in the possession of the Connolly company for sale by them in the usual course of business, respondent, Jones, bought it and paid for it on the assumption that Connolly company had full title, and that company having defaulted in the payments required by the conditional sale contract, the Finance company claimed the car of Jones and undertook to enforce the claim by this suit. There was a verdict and judgment in the District Court for respondent-defendant, and this was affirmed in the Supreme Court. Both courts applied section 9 of the act of 1919, entitled "An act concerning conditional sales and to make uniform the law relating thereto." *Pamph. L., pp.* 461, 463, 464. This section reads as follows:

"When goods are delivered under a conditional sale contract, and the seller *expressly or impliedly* consents that the buyer may resell them prior to performance of the condition,

the reservation of property shall be void against purchasers from the buyer for value in the ordinary course of business, and as to them the buyer shall be deemed the owner of the goods, even though the contract or a copy thereof shall be filed according to the provisions of this act."

The evidence at the trial was adequate to justify a finding by the jury that there was a well-understood arrangement between the Finance company and the Connolly company that the latter should dispose of the cars in the ordinary course of business, the Finance company looking to moneys received by the Connolly company from sales to pay its loan.

It is now urged, however, that another section of the Conditional Sales act was applicable, and in effect deprived the respondent of the protection otherwise afforded by section 9. The section invoked is section 13, which provides in part:

"Unless the contract otherwise provides, the buyer may, without the consent of the seller, remove the goods from any filing district and sell, mortgage or otherwise dispose of his interest in them," &c.

Appellant points out that the conditional sale contract by Finance company to Connolly company contained an agreement by the "dealer" (Connolly company) that he (*sic*) will not resell the above automobile * * * or his interest therein, or mortgage or dispose of the same in any way, or remove said car without the confines of the county wherein sold, prior to the payment in full, &c., * * * without the written permission of the seller or his executors, administrators (successors) or assigns.

A careful reading of section 13, however, shows clearly that it deals with two situations—*first,* removal of the goods out of the filing district (not now in question), and *secondly,* the sale, mortgage or disposal by the (conditional) buyer, not of "the goods" but of "his interest in them," *i. e.,* his right to present possession and user, and to obtain title by fulfilling the contract. This is a very different thing from the making of a complete title under section 9 in the ordinary course of business, and it seems quite plain that section 13

has no application to cases where both seller and buyer intend that the latter shall sell the goods as stock in trade and receive the proceeds. It follows that the provision of the conditional sale contract requiring written consent to a resale was nugatory, so far as it conflicted with section 9, which makes any "express or implied" consent sufficient. Appellant cites the case of *Stern* v. *Ward,* 94 *N. J. L.* 279, but that case is not in point, as it involves the application of a Pennsylvania statute in this state.

This disposes of the main point in the case. The other matters argued, relating to admission of evidence, charge of the court, refusal of requests, &c., so far as not covered by what has been said, are correctly dealt with in the opinion of the Supreme Court.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Tren-chard, Parker, Bergen, Minturn, Kalisch, White, Williams, Gardner, Ackerson, Van Buskirk, JJ. 12.

*For reversal*—None.