[Civ. No. 4224. Second Appellate District, Division One.—March 16, 1925.]

DAVIES-OVERLAND COMPANY (a Corporation), Appellant, v. PAUL BLENKIRON et al., Respondents.

[1] SALES — CONDITIONAL SALES CONTRACT — ASSIGNMENT BY VENDEE WITHOUT CONSENT—REFUSAL TO ACCEPT UNPAID BALANCE.—While a vendee under a conditional sales agreement may convey only such title as he possesses, and the vendor under such a contract is permitted to protect himself against a possible transfer by the vendee to a financially irresponsible person or to one whom for any reason the vendor might not care to entrust the property, where a conditional sales agreement contains a stipulation that before an assignment of the vendee's right therein may be made

---

1. On assignment or transfer of purchaser's interest under a conditional sale, note, 40 L. R. A. (N. S.) 873. See, also, 24 R. C. L. 499.

the written consent of the vendor must be first obtained, upon a
sale thereof without such consent the vendor may not refuse to
accept from the assignee of the vendee the total unpaid purchase
price.

[2] ID.—INTEREST OF VENDEE — RIGHTS OF VENDOR—ADVANCE PAY-
MENT OF DEFERRED INSTALLMENTS.—Under such a conditional sales
contract the vendee acquires an interest in the property sold to
him, and the only property right retained by the vendor is that
of repossessing the property in case the vendee fails to make the
payments on the purchase price as they become due; and (where
the contract calls for no interest on deferred payments until
after such payments mature), whether those payments are made at
the times they actually become due or whether they are combined
and paid in one sum at the maturity of the first deferred payment
cannot injuriously affect the rights of the vendor but, on the
contrary, such advance payment is a benefit to which he would not
be lawfully entitled.

---

(1) 35 Cyc., p. 670, n. 34, p. 676, n. 86.  (2) 35 Cyc., p. 677,
n. 94 New.

APPEAL from a judgment of the Superior Court of
Imperial County.  Franklin J. Cole, Judge.  Reversed.

The facts are stated in the opinion of the court.

Harry W. Horton for Appellant.

E. R. Simon and Harry B. Ellison for Respondents.

HOUSER, J.—In this action it appears that defendants
sold an automobile on a conditional sales contract and that
the vendee sold his interest in the automobile to the plain-
tiff with the understanding that the original vendee would
pay to defendants the balance remaining due on the auto-
mobile, or in the event that such vendee should fail in
that regard the plaintiff would make such payment.  On
the day on which the next succeeding payment on the auto-
mobile became due under the terms of the contract, the
plaintiff offered to pay defendants the total unpaid con-
tract price on the automobile, but defendants refused to
accept the same or any part thereof.  The contract called
for no interest on deferred payments until after such pay-
ments had matured.  Defendants obtained possession of
the automobile from plaintiff without plaintiff's consent and

refused to return it to plaintiff after plaintiff's demand
upon defendants so to do. Thereupon plaintiff brought this
action in claim and delivery against defendants and paid
into court for defendants' benefit an amount greater than
the total unpaid balance due on said automobile. Judg-
ment was ordered in favor of defendants and plaintiff
appeals therefrom.

The conditional sales contract contained the following
stipulation:

"Said purchaser agrees that he will not, and has no
right to, assign, pledge, mortgage, or otherwise dispose of,
this contract, or said automobile or any part thereof, . . .
during the existence of this agreement without the written
consent of the owner."

[1] The sole point involved in the appeal is whether
or not in a conditional sales contract containing a stipula-
tion which requires that before an assignment of the ven-
dee's right therein may be made, the written consent of
the vendor must be first obtained—upon a sale thereof by
the vendee without first obtaining such consent, the vendor
may refuse to accept from the assignee of the vendee the
total unpaid contract price, whether tendered to him by
the vendee or by his assignee.

It is clear that a vendee under a conditional sales contract
may convey only such title as he possesses; also that it
is only reasonable that by contract with the vendee the
vendor should ordinarily be permitted to protect himself
against a possible transfer by the vendee to a financially
irresponsible person, or to one with whom for any rea-
son the vendor might not care to entrust the property.

There are but few cases officially reported which deal
with a situation such as is here presented.

The case of *Dame* v. *Hanson & Co.*, 212 Mass. 124 [Ann.
Cas. 1913C, 329, 40 L. R. A. (N. S.) 873, 98 N. E. 589],
involved the sale of personal property under a conditional
sales contract which contained a provision that if the ven-
dee should sell, mortgage, pledge, or attempt to sell, mort-
gage, or pledge the property, or any part thereof, or should
fail to pay a promissory note given by the vendee to the
vendor, the vendor should have the right to take immediate
possession of the property and hold it absolutely free from
all claims and demands of the vendee. Few facts are

stated in the opinion; but it appears that, in violation of the terms of the contract the vendee mortgaged the property, and thereupon the vendor took possession thereof. Among other things, the court said: "Assuming that the title was in the defendant (the vendor), it was held by it subject to the performance by Terrell (the vendee) of the conditions named, and Terrell had therefore a right or interest which he could and did convey in mortgage to the plaintiff (citing cases). *Upon tender of the amount due by Terrell or his assignee before possession was taken by the defendant, the title vested in Terrell or his assignee* (citing cases). . . . In this case possession was not taken till after the tender, when the rights of the plaintiff to redeem had become fixed."

In the case of *Oppenheimer* v. *Telhiard,* 123 Miss. 111 [85 South. 134], a conditional sales contract for the sale of personal property contained a provision that the vendee should not sell, sublease, transfer, loan, pawn, give away, or remove said article or articles from his house or place of residence, except in case of fire, without the written consent of the vendor. Contrary to the terms of the agreement, the vendee sold his interest in the personal property which was the subject of the contract and the new vendee tendered to the original vendor the full amount of the balance due thereon, which offer was refused by such vendor. It was held that the assignee of the vendee was entitled to judgment against the original vendor for the possession of the property. (See, also, *Finance Corporation* v. *Jones,* 98 N. J. L. 165 [119 Atl. 171].)

No authorities have been called to the attention of this court which hold to the contrary of those just cited. [2] In the instant case, it is clear that the vendee acquired an interest in the property which was sold to him under the contract in question. The only property right retained by the vendor was that of repossessing the property in case the vendee failed to make the payments on the purchase price as they became due. Whether those payments were made at the times they actually became due, or whether they were combined and paid in one sum, could not injuriously affect the rights of the vendor; but, to the contrary, a payment of the entire balance of the purchase price of the automobile would be a benefit to defendant to

which he would not be lawfully entitled. The purpose of the stipulation in the contract against assignment thereof, without the written consent of the vendor, was solely for his financial protection. His only interest in the contract was to receive the total amount of money for which he sold the property. Whether the money was to be paid in one lump sum by the vendee or by the assignee of the vendee was of no concern to the vendor. "One man's money is just as good as another's." By such payment the vendor's rights in the premises would be fully protected and he would have no cause for complaint.

The judgment is reversed.

Conrey, P. J., and Curtis, J., concurred.