[S. F. No. 13287. In Bank.—June 6, 1930.]

N. S. MARSHALL et al., Respondents, v. MARIE HILTON, Appellant.

Geary & Geary for Appellant.

R. A. Rapsey and Charles H. Seccombe for Respondents.

CURTIS, J.—This appeal is from a decree of specific performance of an agreement for the purchase and sale of real property. As grounds for reversal of the decree or judgment the defendant and appellant contends:

(1) That it does not appear that the contract as to the defendant was just and reasonable, or that the consideration for said contract is adequate.

(2) That it does not appear that the plaintiffs are ready and willing to perform their part of the contract.

First: In support of appellant's first contention, she has cited numerous authorities to the effect that "it is a well-established rule in courts of equity that in a suit for specific performance it must be affirmatively shown that the contract is fair and just and that it would not be inequi-

table to enforce it. The court will not lend its aid to enforce a contract which is in any respect unfair or savors of oppression, but in such cases will leave a party to his remedy at law. It is incumbent on the plaintiff, therefore, to state such facts as will enable the court to decide whether the contract is of such a character that it would be inequitable to enforce it." With this statement of the law as a premise the appellant proceeds to an attack on the complaint and attempts to show that it lacks the essential averments of a complaint in specific performance. We think there is no merit in her contention. In the complaint it is alleged that the consideration "for the making of and the entering into of said agreement was and is that set forth therein, to-wit: the sum and sale price of three thousand dollars, to be paid to defendant by plaintiffs as in said agreement set forth. That the approximate value and the approximate reasonable value of said premises at all times herein mentioned was and is the sum of three thousand dollars; that said contract and agreement was fairly entered into and was and is in all respects just and reasonable." This allegation of the complaint was denied by the answer, the appellant further alleging that the premises involved herein were of the value of $4,000. Upon the issue thus made the court found in favor of the plaintiffs. There is no contention that the finding of the court in this regard is not supported by the evidence. Under these facts, we reiterate our statement that this contention of the appellant is without merit.

██ Second: The second contention of appellant is equally devoid of merit. The evidence before us shows that on March 28, 1921, the contract for the purchase and sale of said real property was entered into by the parties hereto in which appellant agreed to sell to the respondents said real property for the sum of $3,000. Thereafter and on December 27, 1921, the contract was in certain respects modified, but the purchase price was in no way changed. These modifications are not material to any question involved in this appeal. At the time of this modification, it was agreed by the parties to said contract that on said date there was due on the purchase price of said real property the sum of $2,853.32, which sum was to be paid in install-

ments in the manner and at the times provided in said contract of modification. Thereafter, the respondents made payments on said purchase price according to said modification contract up to the twenty-eighth day of July, 1927, at which last-named date there was unpaid on the purchase price of said real property according to their said contract something less than $1400. On said date, the respondents tendered to appellant said sum of $1400, and demanded of appellant that she execute and deliver to respondents a conveyance of said real property which the appellant refused to do, and has ever since refused to execute and deliver.

Appellant excepts to the sufficiency and validity of the tender in two respects. She contends, in the first place, that it was not made by the respondents, or in their behalf. The evidence shows that the respondent, N. S. Marshall, furnished the money used in making the tender and directed the two persons who personally made the tender to make the same, and actually went with them to the home of the appellant when the tender was made, but did not go into the house and was not present at the time the tender was made. This evidence shows without any question that the tender was made on behalf of the respondents. Appellant's second objection to the tender is that the money tendered was not thereafter deposited by the respondents in appellant's name in some bank and the appellant notified of such deposit in accordance with the provisions of section 1500 of the Civil Code. This section has no application to a tender made in a case of this kind. It applies in cases where the object and purpose of the tender is to extinguish an obligation. Here no claim is made that the tender proven extinguishes the obligation of the respondents to pay to the appellant the amount due her under the agreement of sale, but was a preliminary step to be taken before an action could be instituted by the respondents against the appellant to specifically perform the contract. In such a case "the law does not require the purchaser to keep the tender good or deposit the money in the vendor's name and thus place himself at the vendor's mercy, since the decree, if granted, will require the plaintiff to pay the purchase money before receiving the deed." (23 Cal. Jur. 459.)

There is no merit in this appeal and it approaches exceedingly close to the border line of the frivolous.

Judgment is affirmed.

Preston, J., Shenk, J., Seawell, J., Waste, C. J., and Richards, J., concurred.

Rehearing denied.