[L. A. No. 11024. In Bank.—June 30, 1932.]

BERTHA M. WALKER, Plaintiff and Respondent, v. A. HOUSTON et al., Defendants and Respondents; EASTERN OUTFITTING COMPANY (a Corporation), Appellant.

Benjamin & Benjamin and Aaron Elmore for Appellant.

R. R. Sleeper and E. A. Lane for Plaintiff and Respondent.

William Ellis Lady and Koenig & Brunton for Defendants and Respondents.

LANGDON, J.—This action was brought to foreclose a chattel mortgage. Between January 2, 1924, and March 8, 1924, defendants Houston, lessees of an apartment house, purchased certain furniture from defendant Eastern Outfitting Company on conditional sale, for a total price of $9,150, payable in installments. On May 31, 1924, defendants Houston executed a promissory note for $2,500 to plaintiff, secured by a chattel mortgage on all of the furniture in the apartment house, the bulk of which was still being paid for under the conditional sales contracts. The mortgage was properly executed and recorded. It referred to the conditional sales, and provided that it was a mortgage only of the "equitable interest" of the mortgagors. It further provided that in the event that the mortgagors failed to make their payments to the seller, "the mortgagee shall have the right to pay the same when due and shall be entitled to repayment from the mortgagors forthwith, with interest thereon at the rate of 7 per cent per annum from the date of payment until paid". On July 17, 1924, defendants Houston gave a second mortgage on all of said furniture to defendants Howe, lessors of the apartment house, to secure rent to become due under the lease. This mortgage was also duly recorded, the mortgagees having knowledge of the prior mortgage.

Defendants Houston failed to meet their rental payments, and on September 23, 1925, defendants Howe secured judgment against them in an unlawful detainer proceeding in the sum of $1206.75, no part of which has been paid.

On September 30, 1925, defendants Houston delivered all of the mortgaged furniture to the warehouse of defendant Eastern Outfitting Company (the conditional seller), although they were, at said time, not in default in their

payments. On October 2, 1925, there was a balance due the seller of $3,166.89. On October 8, 1925, plaintiff made a valid tender of $3,300 in United States gold coin to the seller, and demanded possession of the property, which was refused. Thereafter, on October 19, 1925, plaintiff commenced this action to foreclose her mortgage, joining as defendants the Houstons as mortgagors, the Howes as second mortgagees, and Eastern Outfitting Company as possessors of the property. Defendants Howe, in addition to their answer, filed a cross-complaint against defendants Houston, to foreclose their mortgage and to recover any sums remaining from the sale of the property after satisfaction of the claim of plaintiff.

Some months later, and during the pendency of the action, defendant Eastern Outfitting Company sold the furniture and retained the proceeds.

The trial court made findings and conclusions of law to the effect that upon the tender to the seller of the balance due under the contracts, title to the property vested in the buyer, subject to the liens of the first and second mortgages; that the defendant seller had converted the property, and was liable in damages for its value, which was found to be $3,945.25; that the balance due and owing from defendants Houston to Eastern Outfitting Company was $3,166.89. Judgment was rendered in favor of plaintiff and defendants and cross-complainants Howe against defendants Eastern Outfitting Company and Houston; and in favor of defendant Eastern Outfitting Company against defendants Houston. Eastern Outfitting Company appealed.

The first contention made is that the tender by plaintiff was ineffective to discharge the title of the seller because it was not "kept good" by deposit of the money in a bank in the name of the creditor, under section 1500 of the Civil Code. This contention rests upon a misconception of the nature and purpose of tender. Tender is an *offer* of performance, not performance itself. When unjustifiably refused, one of its effects is to place the other party in default, and permit the party making the tender to exercise his remedies for breach of contract. (See *Marshall* v. *Hilton,* 209 Cal. 531 [289 Pac. 165].) Another effect is specified in section 1504 of the Civil Code: "An offer of *payment or other performance,* duly made, though

the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and *has the same effect upon all its incidents* as a performance thereof.'' In such a case, the *obligation* still remains, but all of its *incidents* are gone. Interest is stopped, sureties are released, and liens are discharged. (*Leet* v. *Armbruster*, 143 Cal. 663 [77 Pac. 653]; *Loughborough* v. *McNevin*, 74 Cal. 250 [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773]; *Wiemeyer* v. *Southern T. & C. Bank*, 107 Cal. App. 165 [290 Pac. 70].) Some uncertainty exists as to whether tender discharges a mortgage, but logically it should, for the mortgage is only a lien. (See Cal. Civ. Code, sec. 2888; *Wiemeyer* v. *Southern T. & C. Bank, supra; Himmelmann* v. *Fitzpatrick*, 50 Cal. 650; 5 Cal. L. Rev. 78; 3 Cal. L. Rev. 336.) The discharge of the incidents, however, does not affect the ultimate obligation, which, in the case of a debt, can only be discharged by either an actual payment to the creditor, or a deposit of the sum due in a bank in his name. Section 1500 of the Civil Code provides: ''An obligation for the payment of money is *extinguished* by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor.'' This is not tender, but actual performance. It discharges the obligation and not merely its incidents. This distinction between sections 1500 and 1504 of the Civil Code has been heretofore made, and no difficulty should arise in their application. (See *Marshall* v. *Hilton*, 209 Cal. 531 [289 Pac. 165]; *Sheller* v. *Livingston*, 25 Cal. App. 572 [144 Pac. 547]; *Sayward* v. *Houghton*, 119 Cal. 545 [51 Pac. 853, 52 Pac. 44].)

In our opinion, there is no doubt but that the title of the conditional seller is an ''incident'' of the obligation to pay the balance of the purchase price, which is discharged upon a tender of said balance. It is true that the cases previously cited deal with liens. Nevertheless, the title reserved by a conditional seller for the purpose of securing payment of the purchase price is no less an incident of an obligation to pay money than a mortgage or pledge. The title is reserved for security only. The buyer has the full right of possession and use unless he defaults, and may secure title by performance of his obligation without any

further assent by the seller. The sole interest of the seller is in the receipt of the price, and his reserved title cannot be used for any other purpose. Hence it follows that tender of the balance of the price should have the effect of discharging the title of the seller and vesting such title in the buyer, and it has been so held. (*Davies-Overland Co.* v. *Blenkiron,* 71 Cal. App. 690 [236 Pac. 179]; *Dame* v. *C. H. Hanson & Co.,* 212 Mass. 124 [Ann. Cas. 1913C, 329, 40 L. R. A. (N. S.) 873, 98 N. E. 589]; *National Cash Register Co.* v. *Wapples,* 52 Wash. 657 [101 Pac. 227].) The right of a mortgagee or purchaser from the conditional buyer to make such tender with the same effect as if made by the buyer himself is also recognized, even where the conditional sales contract contains express restrictions against sale, assignment or mortgage. Thus, in *Davies-Overland Co.* v. *Blenkiron, supra,* the court said: "The purpose of the stipulation in the contract against assignment thereof, without the written consent of the vendor, was solely for his financial protection. His only interest in the contract was to receive the total amount of money for which he sold the property. Whether the money was to be paid in one lump sum by the vendee or by the assignee of the vendee was of no concern to the vendor. 'One man's money is just as good as another's.' By such payment the vendor's rights in the premises would be fully protected and he would have no cause for complaint." (See, also, *Dame* v. *C. H. Hanson & Co., supra;* 1 Williston on Sales, sec. 331, p. 773; Vold on Sales, sec. 95, pp. 277, 278.)

It follows that upon the tender made by plaintiff, title to the property vested in defendants Houston, buyers under the conditional sales, and that the subsequent resale by the seller was a conversion.

The second point raised by defendant Eastern Outfitting Company is that assuming the sale to be a conversion, the court erred in the measure of damages applied. The judgment was for plaintiff against this defendant for the amount due under the mortgage, including interest, costs and attorney's fees, in the sum of $2,987.83. It is contended that under section 3308 of the Civil Code the court should have limited the liability of the seller to the difference between $3,945.25, the amount received from the resale, and $3,166.69, the balance due on the price. The section relied

upon deals with mere breach of a seller's agreement to deliver personal property, whereas, in this case, there is a conversion after tender of the price and passage of title, the measure of damages being the value of the property under section 3336 of the Civil Code. On principle, the claim of the defendant is unsound, for it amounts to the proposition that the seller, having unjustifiably refused to accept the amount due, and having converted the goods and forced plaintiff to sue to protect her claim, is entitled to the same rights as if it had fully performed. The conclusion compelled by the foregoing authorities is that all rights of the seller against the *goods* were divested by the tender and refusal. ■ The obligation to pay the balance of the price remained, but it was an obligation of the buyers— defendants Houston, and not the mortgagee. The seller had a valid claim against the Houstons for the balance of the price, and the lower court gave judgment in its favor against the Houstons in that sum. But the seller had lost its superior right in the goods, and is not entitled to claim priority over the plaintiff mortgagee, in the fund resulting from the unlawful sale of the goods.

■ The final contention is that the judgment in favor of defendants Howe, the second mortgagees, is void in that their pleadings were against defendants Houston and sought no relief against defendant Eastern Outfitting Company. We see no reason for reversal of the judgment on this ground. Apart from the question of pleading, it is clear that defendants Howe, as second mortgagees, are in the same position as plaintiff, the first mortgagee, except that their rights are subordinate to hers. The surplus of the fund remaining from the sale of the furniture, after satisfaction of the claim of the first mortgagee, should obviously go to them. ■ Their failure to seek relief against the seller is perhaps due to the fact that they sought recovery against the mortgagors and against the goods by foreclosure; and at the time of the filing of the cross-complaint, title to said goods was in the buyers, the mortgagors. The conversion by the seller took place after the action was commenced. However, if there was a defect in the form of relief demanded, it was immaterial. ■ All of the parties were before the court, and all of the facts entitling defendants Howe to the relief granted were fully pleaded. Section 578

of the Code of Civil Procedure provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." The authority conferred upon the court by this section is broad, and its purpose is to avoid a multiplicity of actions. Considered in the light of the constitutional and statutory admonitions to disregard immaterial errors in pleading (see Cal. Const., art. VI, sec. 4½; Cal. Code Civ. Proc., sec. 475), the action of the trial court was proper. (See *Wiseman* v. *Sklar*, 104 Cal. App. 369 [285 Pac. 1081]; *Martin* v. *Howe*, 190 Cal. 187 [211 Pac. 453].)

The judgment is affirmed.

Curtis, J.; Preston, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.

Curtis, J., dissented.