HERSEY GRAVEL CO. v. CRESCENT GRAVEL CO.

1. Landlord and Tenant—Forfeiture of Lease—Nonpayment of Rent.

Lessor of right of way is in no position to declare lease forfeited for nonpayment of rent, in absence of provision therefor in written lease.

2. Same—Tender of Rent Saves Lessee's Rights.

Rent having been tendered by check before suit was instituted to forfeit lease for nonpayment, said suit will not lie.

3. Equity—Forfeitures Not Favored.

Forfeitures are not favored, and generally equity will relieve against them.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 20, 1932. (Docket No. 176, Calendar No. 36,848.) Decided January 3, 1933.

Bill by Hersey Gravel Company, a Michigan corporation, against Crescent Gravel Company, a Michigan corporation, and others to declare a lease of an easement forfeited. Bill dismissed. Plaintiff appeals. Affirmed.

*Joseph R. Gillard (George S. Baldwin,* of counsel), for plaintiff.

*Corwin & Davidson,* for defendants.

POTTER, J. Plaintiff, Hersey Gravel Company, filed its bill of complaint against the Pere Marquette Railway Company, Crescent Gravel Company, and Grand Rapids Gravel Company, claiming it acquired by deed, May 11, 1929, lands in Hersey township, Osceola county, subject to a lease or easement, dated December 5, 1916, wherein one William French, the then owner of the premises, leased to O. W. Clark a right of way over and across a portion of said premises, which lease was on December 20, 1919, assigned to the Crescent Gravel Company. The lease was for such portion of the premises, "as will be required for the construction and maintenance of a railroad or railroad right of way across said property for the purpose of removing gravel from what is known as the Tom Hines property, this lease to run for the time required to remove all the gravel from the Tom Hines property." The lessee "does agree to hire the above-described property for the time above mentioned with a maximum period of five years, it being mutually agreed and understood by both parties to this contract that

should it take longer than five years to remove the
said gravel that the lease shall and will be extended
as required for an annual rental of $50 a year, $250
being paid as rent for the first five years." The bill
of complaint charges defendants seek to use this
right of way for other than railroad purposes; that
they have been engaged in unfair trade against
plaintiff; and the gravel on the Tom Hines prop-
erty is practically all removed; it asks the lease be
terminated, the lands freed from the easement, the
railroad company restrained from entering upon
the premises or operating its cars over the right of
way, and directing the railroad company to remove
all of its tracks and personal property, and be re-
strained from hauling or permitting the hauling of
gravel or any property over the right of way. An
injunction is sought against the Crescent Gravel
Company and the Grand Rapids Gravel Company,
restraining them from trespassing upon the prem-
ises by truck, team, trailer, or otherwise, and that
plaintiff have damages alleged to have been suffered
by reason of the unfair trade practices of defend-
ants. There was decree for defendants, and plain-
tiff appeals.

There is no dispute but what the lease contem-
plated the occupation of the premises during the
time necessary to remove the gravel from the Tom
Hines property, and while the bill of complaint al-
leges the gravel on the Tom Hines property is prac-
tically exhausted, the testimony indicates there are
probably 2,000,000 tons of gravel thereon which has
not been removed. These rival gravel companies
transacted more or less business between them-
selves. By a long course of dealing, they usually
settled the rent whenever they settled their other
business between themselves. The plaintiff billed
defendants for the rent due, and defendants ten-

dered a check in July, 1932, in payment therefor. No objection was made to the tender upon the ground it was by check. No notice to quit was served. There was no provision in the written lease that a breach of contract to pay rent would terminate the tenancy; no retention in the lease of the right to forfeit it for nonpayment of rent, re-enter and repossess the premises for a breach of the covenant to pay rent. In the absence of such an agreement, plaintiff is not in a position to declare the contract forfeited. *Pickard* v. *Kleis,* 56 Mich. 604; *Hanaw* v. *Bailey,* 83 Mich. 24 (9 L. R. A. 801); *Wakefield* v. *Sunday Lake Mining Co.,* 85 Mich. 605; *Hough* v. *Brown,* 104 Mich. 109; *Somers* v. *Loose,* 127 Mich. 77; *McPheeters* v. *Birkholz,* 232 Mich. 370. The rent having been tendered by check before the suit was instituted to declare the lease forfeited, this action will not lie to declare a forfeiture. No notice of forfeiture and to deliver the premises or pay up the rent was given as provided by 3 Comp. Laws 1929, § 14975.

It is well settled that a tender of rent due after a breach of covenant of payment and before a declaration of forfeiture by some unequivocal act on the part of the lessor saves the lessee's right and prevents forfeiture. *Sheets* v. *Selden,* 7 Wall. (74 U. S.) 416; *Kann* v. *King,* 204 U. S. 43 (27 Sup. Ct. 213); *Davis* v. *Taylor,* 51 App. D. C. 97 (276 Fed. 619).

"The rule is well established and calls for no more than a citation of some of the authorities, that a tender of the rent, after a breach of a covenant of payment, and before the declaration of a forfeiture by some unequivocal act on the part of the lessor, saves the lessee's rights and prevents the completion of the forfeiture by the lessor thereafter." *Kovner* v. *Dubin,* 104 Conn. 112 (132 Atl. 473).

There was nothing in the course of dealing of the parties indicating that the failure to pay rent by the lessee promptly should *ipso facto* work a forfeiture. The testimony rebuts such presumption. The course of dealing between the parties involving mutual accounts indicates rent was charged, taken into consideration in the adjustment of the accounts between the parties, and paid. This suit is not to recover rent, but to declare a forfeiture. Forfeitures are not favored, and generally equity will relieve against them. *Henderson* v. *Carbondale Coal & Coke Co.*, 140 U. S. 25 (11 Sup. Ct. 691). We think the trial court arrived at a correct conclusion.

Decree affirmed, with costs.

McDONALD, C. J., and SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., did not sit.