[Civ. No. 11699. First Dist., Div. One.—June 25, 1941.]

ESTHER KOTT, Appellant, v. ALBERT HILTON et al., Respondents.

Hyman & Hyman for Appellant.

Landels, Weigel & Crocker and Rudolph A. Rapsey for Respondents.

WARD, J.—Plaintiff as alleged assignee of a mortgage on a one-half interest in real property situated in San Mateo County brought this action in foreclosure thereof. The trial court found that the assignment was sham and fictitious, was never recorded and that no consideration was given therefor, and gave judgment in favor of defendants and certain cross-complainants, from which judgment plaintiff appeals.

It appears that in 1912 Albert Hilton and Mary Hilton, his wife, became the owners of the property in question. In 1921, Marie Hilton (variously referred to in the record as Mary Hilton, Marie Moline, Mary Alberts, Marie K. Alberts, Marie C. Alberts, Mrs. C. Alberts and Mrs. C. G. Alberts), entered into a contract for the sale of the property to N. S. Marshall and Bird P. Marshall, his wife. In 1928 the Marshalls brought an action for specific performance of the contract and secured a judgment from which Marie Hilton appealed. In affirming the judgment, Justice Curtis who wrote the opinion stated: "There is no merit in this appeal and it approaches exceedingly close to the border line of the frivolous." (*Marshall* v. *Hilton,* 209 Cal. 531, 535 [289 Pac. 165].) A further controversy between the parties developed and the terms of the decree were not carried out.

On December 8, 1931, Mary Hilton executed a promissory note to one C. G. Alberts, secured by a mortgage on her half interest in the property, which mortgage was duly recorded. On June 30, 1932, for an alleged valuable consideration,

"C. G. Alberts and Marie K. Alberts . . . , his wife" (formerly Mary Hilton), assigned and transferred the note and mortgage to Esther Kott, plaintiff herein, and a niece of Marie Hilton Alberts. The assignment was not recorded.

On July 7, 1932, less than two weeks later, "C. Alberts" commenced an action against the Marshalls to enforce the judgment of specific performance above referred to according to Alberts' interpretation thereof, or, to terminate all rights of the Marshalls in the property. A decree entered in the case provided that the Marshalls should, within sixty-five days, deposit with the commissioner of the court the balance due on the contract of sale, and that the clerk should thereupon deliver to them a deed conveying title "free and clear of encumbrances, outstanding taxes excepted". This order was complied with and the Marshalls received the commissioner's deed, which was recorded simultaneously with a deed of trust executed by them in favor of a loan association.

Incidentally, the note and mortgage assigned by C. G. Alberts and his wife Marie K. Alberts to the latter's niece, upon which no payment was ever made, became due and payable on December 8, 1933, the same date upon which the decree in the suit of Alberts v. Marshall was entered. Neither Marie Hilton nor the niece, plaintiff herein, was made party to that action.

On July 22, 1935, plaintiff assignee filed the present action naming as defendants Albert Hilton, C. G. Alberts, also known as C. Alberts, and Marie K. Alberts, his wife, Mary Hilton, N. S. Marshall and Bird P. Marshall, his wife, Citizens' Auxiliary Corporation, as Trustee for Citizens' Building and Loan Association of San Francisco, Citizens' Building and Loan Association of San Francisco, and, in addition, several Does. Not only is the identification of some of the defendants not clear, but the appearance and disappearance of legal representatives, with the exception of the attorneys for the loan association in the present and in previous actions, is confusing. At one stage of the proceedings, until an explanation was presented, a grave question arose as to whether the trial attorney for plaintiff did not in fact represent the defendant Mrs. Alberts. Documents introduced in evidence did not in all instances receive exhibit numbers, and all of the exhibits do not appear in the transcript on appeal. The method of presenting the case was doubtless due to the fact that certain

matters of record were not disputed, but the result here is an incompleteness which makes difficult a consideration of all the questions raised on appeal. Some of the dates and provisions of the pleadings above referred to have been taken from the briefs without opportunity to verify the correctness thereof. However, as to the loan association, it was stipulated "that all the facts set forth in the cross-complaint are true". The allegations of the answer and cross-complaint of such organization go back to the judgment in the suit for specific performance brought by the Marshalls against Marie Hilton. The Marshalls seem to place reliance squarely on the commissioner's deed and the judgment in the action brought by Alberts against them.

Appellant contends that notwithstanding the assignment of the mortgage to her was not recorded, the mortgage itself was, and hence defendants took subject thereto. She also contends that the judgment in Alberts v. Marshall, wherein it was determined that the Marshalls were entitled to a deed conveying title to them free and clear of encumbrances except outstanding taxes, is not binding on her, she not being a party to that action.

Respondent loan associations, filing a joint brief with the Marshalls, contend that their rights are to be determined by reference to the transactions which antedated the mortgage and assignment thereof to plaintiff. The briefs presented involve such question as: Could a reasonable inference be drawn from previous records and stipulations that Alberts had acquired ownership of the property prior to the assignment of the mortgage, thus effecting a merger? If so, there was no longer any mortgage subject to assignment. Incidentally such conveyance does not appear except by reference in the record. A second question presented is: Was appellant's interest in the mortgage, if any, subject to the contract of sale? The principal question is: Is respondents' priority of interest dependent on appellant's failure to record the assignment of mortgage? In view of the condition of the record, and the fact that appellant attacks the findings in other respects, we do not find it necessary to pass on these questions.

The court found that both the mortgage and assignment thereof were sham, fictitious and without consideration; that plaintiff "has no right, title nor interest in or to the real

property'' and that the loan associations are entitled to judgment upon their cross-complaint.

■ ''A written instrument is presumptive evidence of consideration'' (Civil Code, sec. 1614), but it is not conclusively so in respect to a recital of consideration (Code of Civil Procedure, sec. 1962, subd. 2). The recital establishes a *prima facie* case and is sufficient in the absence of convincing evidence contradicting it. (6 Cal. Jur., pp. 200, 291.) If the presumption is wholly irreconcilable with the facts and surrounding circumstances, it has been overcome. The burden of showing lack of consideration rests upon the party seeking to avoid or invalidate the instrument. (Civil Code, sec. 1615.) This may be accomplished through direct evidence or upon one or more circumstances. If the evidence is cumulatively strong enough to overcome the disputable presumption, a trial court is justified in reaching a conclusion contrary to the recital.

■ Paragraphs five and six of plaintiff's amended complaint set forth the promissory note, a description of the property mortgaged and that ''C. G. Alberts and Marie K. Alberts, his wife, for a valuable consideration, by an instrument in writing, assigned and transferred to plaintiff herein, Esther Kott, the said promissory note and the indebtedness evidenced thereby, together with that certain indenture of mortgage, as aforesaid''. In a verified answer Albert Hilton and C. G. Alberts, each for himself, denied that there was any consideration for the promissory note and mortgage or for the assignment thereof; and likewise, under oath, but in a separate answer to the amended complaint, Marie K. Alberts filed an identical denial of consideration. It is true that on the trial of the cause Mrs. Alberts contradicted and repudiated her verified answer, her testimony in this regard being to the effect that her attorney had forced her to sign the answer; and that by reason of the absence of her spectacles she had no knowledge of its contents. As to this, a witness testified that Mrs. Alberts used her spectacles and read the document.

In the present case, the previous litigation and the relations of the parties may be considered. Esther Kott, the niece of one of the assignors, attended the trial in the previous litigation, and, according to the testimony of Mrs. Alberts, was familiar with the proceedings. If so, she was aware that in the case of Alberts v. Marshall, Alberts sought to enforce a

judgment for specific performance in connection with the contract for the sale of the property; that C. G. Alberts and C. Alberts was the identical Alberts who previously in conjunction with his wife assigned to her the promissory note and mortgage, the foundation of the present action. The record does not disclose that Mrs. Kott intervened or contested that action although she had full knowledge thereof. She knew that the Marshalls were living on the property, and, notwithstanding her knowledge of Alberts' acceptance of the balance of the purchase price in accordance with the decree of the court, she made no claim, so far as the record discloses, to any part thereof, nor, as stated, did she even record her assignment of the mortgage.

It may be noted that in the present action, Alberts took no part in the proceedings except to file an answer, and Mrs. Kott did not appear as a witness. Outside of the documents introduced, the only evidence presented on behalf of appellant was the testimony of Mrs. Marie Alberts who testified on the subject of consideration as follows: "Q. What did she pay you? A. Well, she paid me, we owed her about $200 for work that she had done before she was married, and then she gives two—$250 besides, and she still had more claim to the property than that. . . . Q. To whom did she pay it, to you or to your husband? A. Mr. Alberts." When the attention of the attorney representing Mrs. Alberts was called to the variance between the evidence and the pleading, he stated: "I am standing by the pleadings . . . filed, that is my defense, that there was no consideration, I will have to stand by them." Thereupon Mrs. Alberts repudiated the pleading as unauthorized.

A letter addressed by Mrs. Alberts to her attorney was introduced, which contained the following: "Mrs. Kott's case is based upon truth, and she has paid a good and valuable consideration for everything she has received in the matter, which is the subject of her action." The whole tenor of the letter, and the actions of Mrs. Alberts throughout the trial, indicate a greater interest in the action than merely to enable her niece to collect through foreclosure, or to herself avoid a deficiency judgment.

It was for the trial court to determine whether there was adequate or any consideration given, and from all the facts and circumstances whether Mrs. Kott was a mere dummy for

her aunt Mrs. Alberts. Had plaintiff prevailed in the action, and foreclosure been decreed, the plaintiff niece, if acting for Mrs. Alberts, would simply have turned over her interest to the Alberts to the detriment of the Marshalls and in derogation of previous judgments.

The record shows that Albert Hilton, C. Alberts and Marie C. Alberts, all appearing *"in pro. per."*, filed an answer to the cross-complaint, which was verified by Marie C. Alberts, praying for restoration and possession of the property. No reference was made to the question of consideration given by Mrs. Kott for the assignment.

It is unnecessary to pass upon other questions raised by appellant and the respondents. Judgments in previous cases have become final and we may not interfere. The trial court found that the assignment was "sham and fictitious" and the record substantiates this finding. Under all of the circumstances we are of the opinion that the appeal, similar to that of Marshall v. Hilton, *supra,* approaches the frivolous.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.