## In re DETROIT MACARONI CO.
### No. 28183.

District Court, E. D. Michigan, S. D.

Feb. 6, 1942.

William C. Maguire, of Detroit, Mich., for Beecher-Peck & Lewis.

John McNeil Burns, of Detroit, Mich., for Detroit Macaroni Co.

Lewis Daniels, of Detroit, Mich., for Barozzi-Drying Machine Co.

PICARD, District Judge.

Petitioner appeals from a decision of the Referee granting to bankrupt's mortgagee the right to pay the balance due on a macaroni machine sold to bankrupt on a title retaining contract, thereby making it possible for said mortgagee to obtain title to the macaroni machine over the objection of the original vendor, who claimed the right to a return of his property.

### Findings of Fact

The facts are these:

Detroit Macaroni Company purchased a macaroni machine from petitioner in June, 1939, for $3,950, and when it went into bankruptcy June 13, 1941, there was a balance due vendor of $405. On August 2, 1941, petitioner, Charles F. Elmes Engineering Works, filed a petition of reclamation. Before bankruptcy the respondent mortgagee, R. B. Investment Company had loaned Detroit Macaroni Company $3,500 and received in return a mortgage covering, among other things, the macaroni machine sold to bankrupt, on the aforementioned conditional sales contract which had a specific provision prohibiting the vendee from mortgaging or selling said machine. After numerous hearings the Referee gave petitioner the right to reclaim its property but provided that if the mortgagee (or its assignee) paid the balance due petitioner from the bankrupt he should have clear title. A certified check for $405 was delivered by mortgagee's attorney to petitioner, who still has possession of said check but by letter advised that he did not consider it as tender. There was some claim by petitioner that he didn't know for whom the attorney was acting when he made the tender of his own check, but those are technicalities and in any event petitioner in his brief inadvertently admits that the difference is one between mortgagee and petitioner.

Petitioner claims that under the Michigan law it has the right to reclaim its property and having made the election and the title being in it, the Referee could not divest it of that title by giving a third person the right to substitute himself for the bankrupt vendee or even for the trustee in bankruptcy.

It will be noted that petitioner by virtue of his claim for $405 now seeks the return of a $3,950 piece of machinery which surely at this time has not decreased in value. It is claimed and not denied that petitioner didn't make its claim for reclamation until after respondent's reclamation petition was filed and respondent's attorney requested petitioner to file its petition so as to enable the court to determine the validity of its contract. It will also be noted that the mortgagee loaned a considerable sum to bankrupt which may or may not have used part of that money to reduce petitioner's original claim.

### Conclusions of Law

Many cases have been cited by petitioner covering rights of a vendor in a conditional sales contract in Michigan and with these decisions this court is in complete harmony. If petitioner had reclaimed its property before the involuntary petition in bankruptcy was filed, the bankruptcy courts might not have had much right to interfere and this court would never question any of the decisions submitted by petitioner as substantiated by the case of Cottrell v. Carter, Rice & Co., 173 Mass. 155, 53 N.E. 375, cited, where the vendor had tagged his goods before the mortgage was made. But that isn't the case at bar.

Here the mortgage was given long before the bankruptcy proceedings were started and although the contract provided that vendee could not mortgage or sell the machine covered by the contract, the right of a vendee to mortgage his interests has long been recognized. 55 C.J. 1330; Keepers v. Fleitmann, 213 Mass. 210, 100 N.E. 333; Federal Trust Company v. Bristol County St. Ry. Co., 222 Mass. 35, 109 N.E.

880, 881; Oppenheimer v. Telhiard, 123 Miss. 111, 85 So. 134; Walker v. Houston et al., 215 Cal. 742, 12 P.2d 952, 87 A.L.R. 937; Dame v. C. H. Hanson & Co., 212 Mass. 124, 98 N.E. 589, 40 L.R.A.,N.S., 873, Ann.Cas.1913C, 329; Davies-Overland Co. v. Blenkiron, 71 Cal.App. 690, 236 P. 179; Cottrell v. Carter, Rice & Co., 173 Mass. 155, 53 N.E. 375.

 It is of course admitted that such a mortgage cannot in any way interfere with equitable or legal rights of vendor, but equitable principles prevail in the bankruptcy court—Bankr.Act, § 2, sub. a, 11 U. S.C.A. § 11, sub. a; Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & P. R. Co., 294 U.S. 648-675, 55 S. Ct. 595, 79 L.Ed. 1110; Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434-455, 60 S.Ct. 1044, 84 L.Ed. 1293; in re Bettman-Johnson Co., 6 Cir., 250 F. pages 657–666—and although neither side has presented this court with any authority directly in point, it has long been recognized in this jurisdiction that the Referee has the right and duty to handle bankrupt's assets for the benefit of the creditors in any way that would promote the rights of those creditors. Here petitioner waited over six months after default before he decided to reclaim, and then with 90 per cent of his bill (together with interest at 5 percent) paid and at a time in the economic structure of the world when machinery of any kind is increasing in value, he desires to prohibit the mortgagee of the bankrupt's interest from realizing at least a part of his debt. Surely if the Trustee had the right to pay off the balance of this conditional sales contract and obtain title, why not a mortgagee or his assignee who had aided bankrupt to continue in business as long as he did? For this court to permit petitioner to prevail would be unconscionable. Perhaps respondent has profited more than he should. We don't know. But petitioner has received all that has been due him and shouldn't be heard to complain. To hold otherwise would be lending this court's aid to the enforcement of a sharp bargain. Courts of equity were not instituted for that purpose and equity does not favor forfeitures. Hersey Gravel Co. v. Crescent Gravel Co., 261 Mich. 488, 246 N.W. 194; Curry v. Curry, 213 Mich. 309, 182 N.W. 98; Hull v. Hostettler et al., 224 Mich. 365, 194 N. W. 996.